[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 01-16265

_____

D. C. Docket No. 99-01289-CV-C-NE

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 24, 2002
THOMAS K. KAHN
CLERK

UTILITY AUTOMATION 2000, INC.,

Plaintiff-Counter-
Defendant-Appellant,

versus

CHOCTAWHATCHEE ELECTRIC COOPERATIVE, INC.,
a corporation,
CHELCO SERVICES, INC., a corporation,

Defendants-Counter-
Claimants-Appellees,

GEOGRAPHIC INFORMATION SERVICES, INC.,
an Alabama corporation,

Movant-Appellee,

TOM GIPSON,

Defendant-Appellee,

PATTERSON & DEWAR ENGINEERS, INC.,
a corporation,

Defendant.

Appeal from the United States District Court
for the Northern District of Alabama

**(July 24, 2002)**

Before BARKETT and MARCUS, Circuit Judges, and SCHLESINGER[*], District Judge.

BARKETT, Circuit Judge:

Utility Automation 2000, Inc. ("UA 2000") appeals the district court's denial of its motion for attorneys' fees following the court's entry of a Rule 68 judgment against Choctawhatchee Electric Cooperative, Inc., Chelco Services, Inc., and Tommie Gipson (collectively, "Defendants"). UA 2000 originally sued Defendants[1] for the misappropriation of UA 2000's trade secrets in violation of the Alabama Trade Secrets Act, Ala. Code § 8-27-1 et seq. (1975), breach of contract, and intentional interference with a business or contractual relationship. In its complaint, UA 2000 also sought recovery of its attorneys' fees under the Trade Secrets Act and the contract between UA 2000 and Chelco.

Prior to trial, Defendants served upon UA 2000 an offer of judgment

—————————————

[*]Honorable Harvey E. Schlesinger, U.S. District Judge for the Middle District of Florida, sitting by designation.

[1]Several other defendants who were originally parties to the suit were dismissed pursuant to settlement agreements.

pursuant to Rule 68 of the Federal Rules of Civil Procedure, which authorizes a

defendant to make an offer of judgment "for the money . . . specified in the offer,

with costs then accrued." Fed. R. Civ. P. 68. Defendants' offer provided:

> Defendants . . . hereby make the following Offer of Judgment
> pursuant to Federal Rule of Civil Procedure 68; that Defendants shall
> pay to Plaintiff [UA 2000] the sum of Forty-five thousand and 00/100
> Dollars ($45,000) with costs accrued, and that Defendant, Chelco
> Services, Inc., shall refrain from competing with Plaintiff for a period
> of thirty (30) days from the date of acceptance of this Offer.

UA 2000 accepted the offer of judgment, and the district court entered a Final

Judgment ordering that

> Plaintiff Utility Automation 2000, Inc. have and recover of
> Defendants Choctawhatchee Electric Cooperative, Inc., Chelco
> Services, Inc. and Tommie Gipson the sum of $45,000, with costs
> accrued, and that Defendant Chelco Services, Inc. shall refrain from
> competing with Utility Automation 2000, Inc. for a period of 30 days
> from August 25, 2000.
>
> It is further ORDERED, ADJUDGED and DECREED that
> Defendants Choctawhatchee Electric Cooperative, Inc. and Chelco
> Services, Inc. take nothing in regard to their counterclaims asserted
> against Plaintiff Utility Automation 2000, Inc. and that said claims are
> hereby dismissed with prejudice.

Following the court's entry of the Final Judgment, UA 2000 submitted a

motion for the attorneys' fees, costs, and expenses incurred prior to the service of

the Rule 68 offer of judgment. The district court granted UA 2000's request for

the recovery of costs in the amount of $5,220.50, but denied its motion for

3

attorneys' fees, holding:

> Because the underlying statute does not define "costs" to include attorneys' fees, Plaintiff's motion for an award of attorneys' fees is hereby DENIED. See Marek v. Chesny, 473 U.S. 1, 9 (1973); Arencibia v. Miami Shoes, Inc., 113 F.3d 1212, 1214 (11th Cir. 1997).

UA 2000 appeals. The interpretation of Rule 68 is a legal question that we decide de novo. See Jordan v. Time, Inc., 111 F.3d 102, 105 (11th Cir. 1997).

## DISCUSSION

The question presented in this appeal is simply whether, having accepted Defendants' Rule 68 offer, UA 2000 may recover its attorneys' fees in addition to the $45,000 judgment award. Rule 68 provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

Fed. R. Civ. P. 68.

As the Supreme Court has explained, "The plain purpose of Rule 68 is to

4

encourage settlement and avoid litigation." <u>Marek v. Chesney</u>, 473 U.S. 1, 5 (1985). The rule accomplishes this objective with a two-part approach. First, Rule 68 allows a defendant to make a firm, non-negotiable offer of judgment. Unlike traditional settlement negotiations, in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with a Rule 68 offer may only accept or refuse. If he accepts, the court automatically enters judgment in his favor; if he refuses, the case proceeds. Second, the Rule encourages plaintiffs to accept reasonable offers through what is referred to as its "cost-shifting" provision, which forces a plaintiff who refuses an offer and then ultimately recovers less at trial than the offer amount to pay the costs incurred from the time of the offer. Thereby, "[t]he Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." <u>Id.</u>

The sole constraint Rule 68 places on offers of judgment is its mandate that an offer include "costs then accrued." This does not mean that every offer must explicitly state that it includes costs: "If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule

to include in its judgment an additional amount which is in its discretion." Marek at 5.  Thus, as long as an offer does not explicitly exclude costs, it is proper under the Rule.

Rule 68 does not define the meaning of the term "costs," however, and consequently parties frequently dispute whether attorneys' fees are included.  In Marek, the Supreme Court considered one such dispute, addressing when attorneys' fees might be included as costs for the purposes of Rule 68's cost-shifting provision.  Marek held that the term "costs"

> was intended to refer to all costs properly awardable under the relevant substantive statute or other authority.  In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 "costs." Thus, absent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68.

Marek at 9.  The Marek plaintiff prevailed in a suit under 42 U.S.C. § 1983, but recovered an amount less than the defendant's prior Rule 68 offer.  Although attorneys' fees are generally not recoverable as costs under what is known as the "American Rule,"[2] the Supreme Court held that, because the relevant authority included attorneys' fees as part of the "costs" available to a prevailing plaintiff,

---

[2]In England recoverable costs often included attorneys' fees; under the "American Rule" each party has traditionally been required to bear its own attorney's fees.  See Marek at 8.

those fees were subject to the cost-shifting provision of Rule 68, and the defendant was therefore not responsible for them.[3]

In Arencibia v. Miami Shoes, Inc., 113 F.3d 1212 (11th Cir. 1997), this Court was asked whether the Marek rationale also applies when a plaintiff has accepted a Rule 68 offer for a judgment sum, but where the offer does not mention costs or attorneys' fees.[4] In deciding that question, this Court first explained that under Marek, when a Rule 68 offer is silent regarding the amount of costs, the district court must award an appropriate amount for costs in addition to the specified sum. "This authority to award costs," we explained, "arises from the phrase 'with costs then accrued' in Rule 68." Arencibia at 1214 (citing Marek at 5–6). We then held that the Marek rationale (interpreting the cost-shifting provision of the Rule) applies equally to the phrase "costs then accrued" applicable

---

[3]The specific facts in Marek were as follows. The plaintiff, suing under 42 U.S.C. § 1983, had rejected of an offer of settlement "for a sum [$100,000], including costs now accrued and attorneys' fees." Marek at 9. The case went to trial and the plaintiffs were ultimately awarded $57,000. Relying on 42 U. S. C. § 1988, which provides that a prevailing party in a § 1983 action may be awarded attorneys' fees "as part of the costs," the plaintiffs then filed a request for costs and attorneys' fees totaling approximately $171,000 ($32,000 of which plaintiffs had incurred prior to the Rule 68 offer and $139,000 after). The defendants opposed the claim for the $139,000 post-offer costs, relying on Rule 68's cost-shifting provision and arguing that attorneys' fees were part of the "costs" covered by Rule 68 because § 1988 defines them as such. The Supreme Court agreed.

[4] The accepted offer of judgment in Arencibia did not mention either costs or fees, but simply offered judgment "in the amount of $4000.00." Arencibia accepted, and attached to his acceptance a proposed order entering judgment in favor of Arencibia for $ 4,000 and reserving jurisdiction to award costs and attorneys' fees. The defendant-offeror objected, contending that the Rule 68 offer only provided for costs and not fees.

7

to an accepted Rule 68 offer.  We explained that although the district court had properly retained jurisdiction to award costs, it could not include an award of attorneys' fees, because "'costs' awarded by virtue of Rule 68 . . . only include attorney's fees if the underlying statute defines 'costs' to include attorney's fees." Id. (emphasis added).[5]

The only issue before this Court in Arencibia was whether the district court could grant attorneys' fees as costs "by virtue of Rule 68."  As did Arencibia, the present case deals with an accepted offer, and thus does not involve the cost-shifting provision of Rule 68 that was at issue in Marek.  But this case presents another variation on the Rule 68 theme.  The question here is not only whether attorneys' fees may be included as Rule 68 "costs then acccrued," but also whether a plaintiff may recover fees authorized by statute or contract when the offer of judgment is silent or ambiguous as to whether such fees have been included in the offer of judgment or whether the plaintiff has otherwise waived the right to seek them.  This issue has been addressed by the Seventh and the Ninth circuits.

In Webb v. James, 147 F.3d 617 (7th Cir. 1998), a plaintiff suing under the Americans with Disabilities Act ("ADA") accepted a Rule 68 offer of judgment

---

[5]Specifically, the plaintiff in Arencibia sued under § 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).  Because § 16(b) of FLSA does not define "costs" to include attorneys' fees, this Court held that the district court had erred by reserving jurisdiction to award the plaintiff attorneys' fees as Rule 68 "costs."

that stated only: "The Defendants . . . hereby make an offer of judgment in the above-captioned matter in the amount of Fifty Thousand Dollars ($50,000.00) pursuant to Federal Rule of Civil Procedure 68." Id. at 619. The ADA allows the prevailing party to recover attorneys' fees, but does not define those attorneys' fees as part of the costs. Thus, as this Court did in Arencibia, the Webb court explained that under Marek, the plaintiffs could not recover fees as "costs then accrued" under Rule 68 because the underlying statute did not define attorneys' fees as costs. The Webb Court, however, went on to address the issue not discussed in Arencibia: whether the plaintiff could recover attorneys' fees directly under the statute (i.e., the ADA). The Seventh Circuit answered in the affirmative, explaining that, because "the ADA provides for an award of attorney's fees to a prevailing party," and because the court determined that the plaintiff had prevailed in his ADA claim, therefore he could recover attorneys' fees under the ADA.

The Ninth Circuit addressed a similar question in Nusom v. Comh Woodburn, Inc., 122 F.3d 830, 833–34 (9th Cir. 1997). Nusom concerned an accepted offer of "$15,000, together with costs accrued to the date of this offer." (Thus, like the offer at issue here, the Nusom offer included specific mention of costs but did not mention attorneys' fees.) Both underlying statutes under which the plaintiff brought suit (the Truth in Lending Act (TILA) and Oregon's civil

9

racketeering statute) provide for an award of attorneys' fees to the prevailing party, separate from costs. <u>Nusom</u> held that, as the prevailing party, the plaintiff was entitled to attorneys' fees under the relevant statutes.

In both <u>Webb</u> and <u>Nusom</u>, the defendants claimed that attorneys' fees were included in the judgment sums, and thus to award them pursuant to the statute would effectively be to grant the plaintiffs double recovery. In <u>Webb</u>, the defendant (Dick James) argued that Webb's attorneys' fees had been included in the $50,000 sum. The Seventh Circuit rejected this assertion, explaining that

> defendants should bear the burden of the ambiguity created by their silence on fees. The ADA provides for attorneys' fees for the prevailing party and the defendants said nothing in their offer to terminate that statutory liability . . . . The defendant is always free to offer a lump sum in settlement of liability, costs and fees, but that is not what Dick James did here. Dick James' offer was silent as to fees and costs, and under these circumstances, the court may then award an additional amount to cover costs and fees.

<u>Id.</u> at 623. The <u>Nusom</u> Court likewise addressed the assertion by examining the specific language in the offer of judgment, and reached a similar conclusion: that the offer's silence regarding attorneys' fees created ambiguity with respect to whether the $15,000 sum included attorneys' fees. <u>Nusom</u> held that such ambiguity in the terms of an offer must be resolved against the drafter, and therefore the accepting party was not barred from seeking attorneys' fees. <u>Id.</u> at 835. Among other things, both <u>Webb</u> and <u>Nusom</u> therefore stand for the

10

proposition that where an offer is ambiguous with respect to whether it includes fees, that ambiguity will be construed against the drafter.

An offer that does unambiguously include attorneys' fees, on the other hand, will bar the plaintiff who accepts it from seeking additional attorneys' fees under the relevant statute (or as "costs then accrued"). For example, in Nordby v. Anchor Hocking Packaging Co., 199 F.3d 390 (7th Cir. 1999), the plaintiff sued under the Illinois Sales Representative Act, which expressly provides for an award of reasonable attorneys' fees to a plaintiff "whose rights under the Act have been violated." Id. at 391. Accordingly, the plaintiff's complaint requested attorneys' fees in addition to damages. Before going to trial, the plaintiff accepted a Rule 68 offer for "judgment in the amount of $ 56,003.00 plus $ 1,000 in costs as one total sum as to all counts of the amended complaint" (emphasis supplied), and then moved the district court for an award of attorneys' fees pursuant to the Illinois Act. Id. Nordby held that the plaintiff could not obtain fees because the accepted offer had unambiguously included attorneys' fees.

These cases show that in the appropriate circumstances a plaintiff may be entitled to attorneys' fees under the "costs then accrued" phrase from Rule 68 itself, and, independently, under the statute or other authority that gave rise to the suit. In this case, UA 2000 claims both of these bases for recovery. Thus, the

questions presented are: first, whether the accepted $45,000 sum unambiguously included attorneys' fees or whether the offeree otherwise waived the right to seek them; second, whether fees are available in this case as "costs accrued" under Rule 68; and third, whether fees are otherwise available pursuant to any other relevant authority.

### 1. __Were Attorney Fees Included in the Offer or Otherwise Waived by UA 2000?__

Defendants contend that the $45,000 judgment amount included UA 2000's attorneys' fees. In assessing this claim, we first note that the offer says nothing one way or the other about fees; attorneys' fees are not mentioned at all. Moreover, unlike the offer in Nordby, the offer here does not contain any language suggesting the inclusiveness of all sums due. Nor does the offer contain language excluding the payment for any claim. It simply offers an amount with costs. So we—much as the offerees—are left to speculate whether the offer was intended to include attorneys' fees or not.

As discussed above, however, Rule 68 requires that the responsibility for clarity and precision in the offer must reside with the offeror. As Nusom explained, any ambiguity in the terms of an offer must be resolved against its drafter, and therefore, absent a clear indication to the contrary the accepting party

12

cannot be deemed to have received its fees or waived the right to seek them.

Nusom at 835.  There is good reason for this stricture:

> Because Rule 68 puts plaintiffs at their peril whether or not they accept the offer, the defendant must make clear whether or not the offer is inclusive of fees . . . .  As with costs, the plaintiff should not be left in the position of guessing what a court will later hold the offer means.

Webb at 623.  Indeed, Rule 68 places the offerree in a most unusual posture in the landscape of settlement contracts.  While an offeree can respond to an ordinary settlement offer through a counteroffer or seek to clarify or modify its terms, a Rule 68 offeree is at the mercy of the offeror's choice of language and willingness to conform it to the understanding of both parties.  Only the offeror can ensure that the offer clearly includes or excludes fees.

Here, there is nothing in the language of Defendants' bare offer of "$45,000 with costs accrued" to indicate that the $45,000 sum includes fees or that accepting the offer otherwise waives UA 2000's ability to recover them under Rule 68 or any other authority.   Thus, this ambiguity must be construed against Defendants, and we conclude that the offer they made to UA 2000 did not include attorneys' fees. Consequently, we next turn to the question of whether UA 2000 is entitled to fees either as costs pursuant to Rule 68 or as attorneys' fees pursuant to any other relevant authority.

13

## 2.  **Attorneys' fees as Costs Pursuant to Rule 68**

In <u>Arencibia</u>, we explained that a plaintiff who accepts a Rule 68 offer may recover attorneys' fees as "costs then accrued" if the "relevant substantive statute or other authority" defines costs to include attorneys' fees.  <u>Arencibia</u> at 1214.  It is clear to us that the relevant statute in this case does not define attorneys' fees as "costs."  The Alabama Trade Secrets Act authorizes the recovery of attorneys' fees when a party bringing a claim under the Act proves "willful and malicious misappropriation" of a trade secret.  Ala. Code § 8-27-4 (1975).  However, there is no language in the Trade Secrets Act to indicate that attorneys' fees should be considered part of costs.  In contrast, where courts have found that attorneys' fees were defined as costs, it was because the statute stated so clearly.  For example, <u>Marek</u> explained that attorneys' fees are costs under section 407 of the Communications Act of 1934 because under that act "[i]f the petitioner shall finally prevail, he shall be allowed a reasonable attorney's fee, to be taxed and collected <u>as a part of the costs of the suit</u>," and similarly under the Railway Labor Act, because that statute allowed a court to "award to the prevailing party a reasonable attorney's fee <u>as part of the costs</u>."  473 U.S. at 8 (emphasis added).  Similarly, in <u>Jordan v. Time</u>,  111 F.3d 102 (11th Cir. 1997), we found that attorneys' fees are costs under 17 U.S.C. § 505 because that statute states that a

14

court may award a reasonable attorney's fee to the prevailing party "as part of the costs."

Unlike those examples, the Trade Secrets Act does not award attorneys' fees to the prevailing party as part of costs; rather, it makes attorneys' fees an additional penalty for willful misappropriation. Thus, it does not satisfy the Marek rule. See also Oates v. Oates, 866 F.2d 203 (6th Cir. 1989) (holding that attorneys' fees are not costs where the statute speaks of "costs" in the context of damages, and explaining that "[i]n the absence of unambiguous statutory language defining attorney's fees as an additional component of costs, and a clear expression by Congress of an intent to carve out an exception to the American Rule . . . attorney's fees are not 'costs' for purposes of Rule 68").

Alternatively, UA 2000 argues that it is entitled to fees as Rule 68 costs accrued if its contract with Chelco defines fees as costs. In Marek, the Supreme Court held that the term "costs" in Rule 68 "was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." Marek at 9 (emphasis supplied). We agree with UA 2000 that this reference to "other authority" means that Rule 68 costs can be awarded if a contract under which a plaintiff brings suit defines attorneys' fees as costs. See also Kessler v. Superior Care, Inc., 127 F.R.D. 513, 518 (N.D. Ill., 1989) (suggesting that Marek's

15

reference to "other authority" might refer to underlying contracts). In this case, however, we cannot agree that the contract does in fact clearly and unambiguously define costs as fees.

The three relevant contract provisions are as follows:

5. It is further agreed that <u>disclosure of such proprietary information</u>, whether directly or indirectly, of UA 2000, except with the express written consent of UA 2000, would be deemed material and would result in material and irreparable injury to UA 2000 not properly or completely compensable by damages in an action at law; and that the provisions of this Agreement are necessary for the protection of UA 2000 and that any breach of this Agreement by [Chelco Services] or any of [Chelco Services]'s representatives shall entitle UA 2000, in addition to other legal remedies available to apply to a court of competent jurisdiction to enjoin any violation of this Agreement and/or to recover damages for any breach of this Agreement, and <u>to recover all costs of such action, including a reasonable attorneys' fee</u>.

* * *

6. It is hereby agreed by the parties hereto that any breach of this provision shall entitle the non-breaching party, in addition to any other legal remedies available to apply to a court of competent jurisdiction to enjoin any violation of this agreement and/or to recover damages for any breach of this agreement, and <u>to recover all costs of such action, including a reasonable attorneys' fee</u>.

* * *

19. <u>Legal Fees</u>. In the event either party incurs legal expenses to enforce or interpret any provision of this Agreement, <u>the prevailing party shall be entitled to recover such legal expenses, including, without limitation, reasonable attorney's fees, court costs and all related expenses</u>, in addition to any additional and other relief to which such party shall be entitled.

(emphasis supplied).

Provisions 5 and 6 clearly define costs to include attorneys' fees. Provision

16

5 enables UA 2000 to seek legal and equitable remedies for disclosure of its proprietary information, and "to recover all costs of such action, including a reasonable attorneys' fee." Likewise, provision 6 allows a non-breaching party to sue a breaching party for legal and equitable relief, and also "to recover all costs of such action, including a reasonable attorneys' fee." The most straightforward interpretation of the phrase "costs . . . including a reasonable attorneys' fee" is that the contracting parties consider attorneys' fees to be part of costs. See, e.g., Marek at 8 (explaining that Section 4 of the Clayton Act, 15 U.S.C. § 15 (1976), makes attorneys' fees part of costs because it provides for recovery of "the cost of suit, including a reasonable attorney's fee").

However, as Defendants point out, provision 19 of the contract appears to suggest that legal fees are distinct from costs by subsuming certain delineated "costs" under the rubric of "legal fees," among which are attorneys' fees: "the prevailing party shall be entitled to recover such legal expenses, including, without limitation, reasonable attorney's fees, court costs and all related expenses, in addition to any additional and other relief to which such party shall be entitled." Defendants argue that the ambiguity created by provision 19 trumps whatever clear expression is found in provisions 5 and 6, and that we must therefore conclude that the parties did not intend to treat attorneys' fees as costs.

We think Defendants have the better of this argument, primarily because the American Rule establishes a strong presumption that fees are not to be awarded as costs. In light of that presumption, we interpret <u>Marek</u> to require that the underlying authority <u>unequivocally</u> indicate that it is carving out an exception to the American Rule. Provision 19 of the contract differentiates between fees and other costs; thus we are unwilling to say that the contract as a whole makes fees part of costs. Accordingly, UA 2000 is not entitled to fees as Rule 68 "costs accrued."[6]

---

[6]Because we conclude that the relevant authority does not define fees as part of costs, we do not reach, in this context, the defendant's alternative argument that even if costs were deemed to include fees, UA 2000 would still not be entitled to fees as Rule 68 "costs then accrued" because the Trade Secrets Act provides for them only if the plaintiff proves "willful and malicious misappropriation" of a trade secret, and the contract provides them only to party that prevails or shows some form of disclosure or breach. Consistent with that argument, some courts have determined that a plaintiff is not <u>automatically</u> entitled to fees as Rule 68 "costs then accrued," but must also satisfy whatever condition is attached to a fee award in the relevant statute or other authority. <u>See, e.g.</u>, <u>Fletcher v. City of Fort Wayne</u>, 162 F.3d 975 (7th Cir. 1998); <u>Fisher v. Kelly</u>, 105 F.3d 350, 352 (7th Cir. 1997); <u>Tristar Management Group, Ltd. v. Samson</u>, 8 F.3d 820 (4th Cir. 1993) (table); <u>Lyte v. Sara Lee Corp.</u>, 950 F.2d 101, 103 (2d Cir. 1991); <u>Stefan v. Laurenitis</u>, 889 F.2d 363 (1st Cir. 1989).

However, in <u>Jordan v. Time</u>, 111 F.3d 102 (11th Cir. 1997), this Court held that a plaintiff who prevailed, but for less than the Rule 68 offer amount, <u>automatically</u> had to pay the defendant's fees, because the underlying statute (the Copyright Act, 17 U.S.C. § 505) defined fees as costs, and notwithstanding that the Copyright Act grants attorneys' fees only to the "prevailing party." In contrast, the D.C., First, Fourth, Fifth, Seventh, Eighth, and Ninth Circuits have held that when a plaintiff rejects an offer and ultimately receives less than the offer amount in a suit brought under a statute that awards attorneys' fees as part of costs to a prevailing party, Rule 68's cost-shifting provision will not shift the defendant's post-offer attorneys' fees to the plaintiff because the defendant has not "prevailed" under the statute (although the cost-shifting provision will shift the defendant's other post-offer <u>costs</u> to the plaintiff). <u>See, e.g.</u>, <u>Harbor Motor Company, Inc. v. Arnell Chevrolet-GEO, Inc.</u>, 265 F.3d 638 (7th Cir. 2001); <u>Poteete v. Capital Engineering, Inc.</u>, 185 F.3d 804, 807 (7th Cir. 1999); <u>Tunison v. Continental Airlines Corp., Inc.</u>, 162 F.3d 1187, 1190 (D.C. Cir. 1998); <u>United States v. Trident Seafoods Corp.</u>, 92

18

### 3. **Attorneys' fees Pursuant to Statute or Other Relevant Authority**

We next consider whether UA 2000 is entitled to attorneys' fees directly under the Trade Secrets Act or the contract. As noted above, although not as part of costs, the Alabama Trade Secrets Act does authorize the recovery of attorneys' fees upon proof of the "willful and malicious misappropriation" of a trade secret. Ala. Code § 8-27-4 (1975). UA 2000 asks us to construe the offer of judgment as an admission of willful and malicious misappropriation. We do not find this to be a tenable proposition. Such a finding is vastly different from the simple conclusion that one party has prevailed against another, and we are unwilling to impute a specific admission to "willful and malicious misappropriation" on the basis that the

---

F.3d 855 (9th Cir. 1996); <u>E.E.O.C. v. Bailey Ford, Inc.</u>, 26 F.3d 570, 571 (5th Cir. 1994); <u>Lawrence v. Hinton</u>, 937 F.2d 603 (4th Cir. 1991); <u>O'Brien v. City of Greers Ferry</u>, 873 F.2d 1115, 1120 (8th Cir. 1989); <u>Crossman v. Marcoccio</u>, 806 F.2d 329, 333-334 (1st Cir. 1986). Indeed, <u>Jordan</u> has been criticized. <u>See, e.g.</u>, <u>Harbor Motor</u> at 647 ("[Jordan] does not, in our view, adequately address the Copyright Act's mandate that only the prevailing party is permitted to recover its attorney's fees."); <u>Bruce v. Weekly World News, Inc.</u>, 203 F.R.D. 51, 56 (criticizing <u>Jordan</u> for interpreting "Rule 68 as providing a substantive gloss on the provisions of the Copyright Act," and "virtually compel[ling] copyright plaintiffs . . . to accept an Offer of Judgment no matter how meritorious may be their case, for fear of resulting exposure to what are often, as here, substantial claims of attorney's fees").

Those criticisms, however, are less persuasive when the question has to do with the <u>prevailing plaintiff's</u> automatic entitlement to fees under Rule 68, because the defendant will always be able to protect itself against paying fees by making its intent clear in the offer. As far as we are able to discern, the Ninth Circuit appears to agree, automatically awarding fees as costs accrued to a plaintiff who accepts an offer when the relevant authority satisfies the <u>Marek</u> test. <u>See</u> <u>Erdman v. Cochise County</u>, 926 F.2d 877, 879 (9th Cir. 1991) (holding that because "'costs' in actions under 42 U.S.C. § 1983 <u>automatically</u> include attorney fees under 42 U.S.C. § 1988," plaintiff "was entitled to rely on the plain language of the offer he accepted, '$7,500 with costs now accrued,' which [under <u>Marek</u>] entitles him to a reasonable attorney's fee award in addition to the lump sum named in the offer") (emphasis added).

19

Defendants have had a judgment entered against them when there is nothing in Defendants' offer of judgment that would even suggest that admission.

We do, however, find that UA 2000 is entitled to attorneys' fees under its contract with Chelco. Clause 19 of the contract states:

> Legal Fees. In the event either party incurs legal expenses to enforce or interpret any provision of this Agreement, the prevailing party shall be entitled to recover such legal expenses, including, without limitation, reasonable attorney's fees, court costs and all related expenses, in addition to any additional and other relief to which such party shall be entitled.

Thus, the contract grants attorneys' fees to the "prevailing party" in any action to "enforce or interpret any provision of this Agreement."[7] UA 2000 brought this suit, at least in part, to enforce provisions of the contract, and we think the judgment in this case is sufficient to establish that UA 2000 has "prevailed" in its suit. Our conclusion derives from the Supreme Court's guidance in Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't. of Health and Human Res., 532 U.S. 598 (2001).

Prior to Buckhannon, courts attempted to determine whether a party was a "prevailing party" for the purpose of recovering attorneys' fees primarily by

---

[7]In addition, provision 5 of the contract grants attorneys' fees to UA 2000 if Defendants disclose UA 2000's proprietary information. Provision 6 states that any breach of the contract shall entitle the non-breaching party to recover all costs of such action, including a reasonable attorneys' fee.

weighing the relief obtained against the relief sought.  See, e.g., Fletcher v. City of Fort Wayne, 162 F.3d 975, 976 (7th Cir. 1998) ("A plaintiff who recovers only nominal damages technically 'prevails,' . . . but a judge has discretion to withhold fees when damages are tiny in relation to the claim . . . . In other words, for trivial recoveries the only reasonable award of fees is zero.").  In Buckhannon, however, the Supreme Court defined a prevailing party as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded."  532 U.S. at 603 (quoting Black's Law Dictionary 1145 (7th ed. 1999)).  In holding that a plaintiff was not entitled to an award of attorneys' fees when the lawsuit had been dismissed as moot, even though it appeared that the suit had induced the legislation that rendered the action moot, the Court explained that a "material alteration of the legal relationship of the parties" is necessary to permit the award.  Id. at 604 (quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-793 (1989)).  The Court gave two examples of judicial outcomes that satisfy this requirement: an enforceable judgment on the merits or a settlement agreement enforced through a court-ordered consent decree.  Id.  An enforceable judgment establishes a plaintiff as a prevailing party because the plaintiff has received at least some relief based upon the merits of a claim.  Id.  A consent decree also passes the test because "[a]lthough [it] does not always include an admission of

21

liability by the defendant, . . . it nonetheless is a court-ordered 'change [in] the legal relationship between [the plaintiff] and the defendant.'" Id. (quoting Texas State Teachers at 792).

Although Buckhannon does not specifically mention Rule 68 offers of judgment, we find its rationale equally applicable in the present context. Admittedly, an offer of judgment falls somewhere between a consent decree and the minimalist "catalyst theory" the Court rejected in Buckhannon. Unlike a consent decree, the court exercises little substantive review over a Rule 68 offer; upon notification that the plaintiff has accepted the offer, the court mechanically enters judgment. However, the court does ensure that the offer conforms with the Rule (it must include costs). More importantly, an accepted offer has the "necessary judicial imprimatur" of the court, Buckhannon at 605 (emphasis in original), in the crucial sense that it is an enforceable judgment against the defendant. Thus, unlike a "defendant's voluntary change in conduct" or a purely private settlement resulting in a dismissal, a Rule 68 judgment represents a "judicially sanctioned change in the relationship between the parties." Id. Indeed, this Court recently held that a district court's approval of a private settlement along with its explicit retention of jurisdiction to enforce the settlement terms, made the settlement the functional equivalent of a consent decree as described in

22

Buckhannon, and thus rendered the plaintiff a prevailing party under the ADA. See American Disability Ass'n, Inc. v. Chmielarz, __ F.3d __ (2002). In the present case, the judgment included not only $45,000 in damages, but also a thirty-day non-competition injunction (a remedy specifically contemplated in provisions 5 and 6 of the contract). As in Chmielarz, the terms of the judgment here are subject to the court's power to enforce. We conclude that UA 2000 was the prevailing party in its suit to enforce the contract. As the prevailing party, UA 2000 is entitled to attorneys' fees under the contract.

## CONCLUSION

We note, as have other courts, that defendants can easily preempt the dispute exemplified here, as well as others, by clearly stating their intent in the offer of judgment. We echo the Seventh Circuit in cautioning that "[t]he prudent defendant . . . will mention [attorneys' fees] explicitly, in order to head off the type of appeal that we [are] wrestling with here." Nordby v. Anchor Hocking Packaging Co.,199 F.3d 390, 393 (7th Cir. 1999).

Lastly, we have not had occasion to determine whether the amount UA 2000 requests for attorneys' fees—approximately $61,000—is in fact a reasonable sum. Therefore, in remanding to the district court, we do so with the expectation that the district court will determine a suitable amount of attorneys' fees.

23

The district court's order denying attorneys' fees is **REVERSED** and

**REMANDED** with instructions to award UA 2000 a reasonable attorneys' fee.

MARCUS, Circuit Judge, specially concurring:

I concur in the majority's thoughtful and thorough opinion but write separately to stress what I take to be its limits. Insofar as the majority's opinion determines that a plaintiff accepting a Rule 68 offer that includes injunctive relief is a "prevailing party," I concur. I think, however, that the majority's opinion may aim to resolve the question of whether accepting any Rule 68 offer - even one not including injunctive relief - renders a plaintiff a "prevailing party." Because this question need not be addressed on the peculiar facts of this case, I do not believe the majority's opinion should be read to resolve it.

At issue in this appeal is whether a plaintiff who has accepted a Rule 68 offer including costs but silent on its face about attorney's fees may recover its attorney's fees either through operation of the Rule 68 offer itself or through other means when the authorities underlying the suit are ambiguous about whether the term "costs" is defined to include attorney's fees. The majority holds, correctly in my view, that such a plaintiff may not rely on the Rule 68 offer itself, but may be entitled to recover its attorney's fees through independently available means, such as a contractual or statutory provision awarding fees to a "prevailing party."

In determining that the plaintiff in this case, Utility Automation 2000, Inc., ("UA 2000") is entitled to its attorney's fees under such a "prevailing party"

provision, the majority appears to conclude that the acceptance of <u>any</u> Rule 68 offer renders a plaintiff a "prevailing party." I am convinced we can resolve this case on narrower and surer grounds, however, because the injunctive relief contained in the Rule 68 offer in <u>this</u> case plainly renders UA 2000 a "prevailing party." Accordingly, I would reserve for another case the broader and more difficult question of whether accepting any Rule 68 offer makes a plaintiff a "prevailing party."

The difficulty in the broader question arises from the lack of judicial review ordinarily afforded the terms of a Rule 68 offer. As noted by the majority, the Supreme Court has recently determined that, to be a "prevailing party," a party must obtain "a <u>judicially sanctioned</u> change in the legal relationship of the parties." <u>Buckhannon Bd & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598, 605, 121 S. Ct. 1835, 1840, 149 L. Ed. 2d 855 (2001) (emphasis added).[1] It is not, however, altogether clear to me that an ordinary Rule 68 judgment can be

---

[1] While <u>Buckhannon</u>'s interpretation of "prevailing party" applies only to the "[n]umerous federal statutes [that] allow courts to award attorney's fees and costs to the 'prevailing party,'" <u>Buckhannon</u>, 532 U.S. at 600, 121 S. Ct. at 1838, and does not by its own terms apply to state statutes or private contracts, the interpretation is of a common law term, incorporated into statute by numerous legislatures, which has long been in use both in federal and state courts. <u>See</u> <u>id.</u>, 532 U.S. at 610-11, 121 S. Ct. at 1843 (Scalia, J., concurring) ("'Prevailing party' is not some newfangled legal term invented for use in late-20th-century fee-shifting statutes. By the long established practice and universally recognized rule of the common law, in actions at law, the prevailing party is entitled to recover a judgment for costs.") (citations and quotations omitted).

26

said to be "judicially sanctioned."  While a Rule 68 judgment is, like any other judgment including those entered pursuant to consent decrees, directly <u>enforceable</u> by the court,[2] <u>entry</u> of a Rule 68 judgment is generally "ministerial rather than discretionary," <u>Webb v. James</u>, 147 F.3d 617, 621 (7th Cir. 1998), leaving a district court no room to review the terms of a Rule 68 offer.  <u>See</u> <u>Jordan v. Time, Inc.</u>, 111 F.3d 102, 105 (11th Cir. 1997) ("[T]he mandatory language of the rule leaves no room for district court discretion.  When a proper Rule 68 offer is made and the other requirements of the rule are met, the district court must award costs measured from the time the offer was served."); <u>Mallory v. Eyrich</u>, 922 F.2d 1273, 1278 (6th Cir. 1991) ("The district court retains no discretion under Rule 68 to alter the rule's sometimes severe application.  Operation of Rule 68 is mandatory.").  As the majority itself notes, a Rule 68 judgment thus seems to bear a fainter judicial imprimatur than, say, a consent decree, the terms of which a district court must review before entering. <u>See</u> <u>ante</u> at ___ ("Admittedly, an offer of judgment falls somewhere between a consent decree and the minimalist 'catalyst theory' the Court rejected in <u>Buckhannon</u>.").

Is this faint judicial imprimatur enough to render a plaintiff "prevailing" as

---

[2]  <u>See</u>, <u>e.g.</u>, <u>Mallory v. Eyrich</u>, 922 F.2d 1273, 1276 (6th Cir. 1991) (district court entered remedial order enforcing Rule 68 judgment).

27

that term has been construed by <u>Buckhannon</u>?  I am uncertain of the answer to this question.  <u>Buckhannon</u> only instructs us that "enforceable judgments on the merits" and "court-ordered consent decrees" bear a sufficient judicial imprimatur to render a party "prevailing," <u>Buckhannon</u>, 532 U.S. at 604, 121 S. Ct. at 1840, while a private settlement does not, <u>see id.</u>, 532 U.S. at 605, 121 S. Ct. at 1840 ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial <u>imprimatur</u> on the change.") (emphasis in original).  <u>Buckhannon</u> does not describe how much or what kind of judicial imprimatur must be stamped on a judgment before it renders a party "prevailing."  Because a Rule 68 judgment falls somewhere between a consent decree and a purely private settlement in the degree of judicial involvement in its entry and enforcement, we would be forced to navigate unfamiliar and uncertain terrain in determining on which side of the line Rule 68 judgments fall.

We are not, however, required to resolve that question in this case.  While entry of a Rule 68 judgment is ordinarily "ministerial rather than discretionary," <u>Webb</u>, 147 F.3d at 621, "this general statement is too broad to encompass all instances in which Rule 68 offers are made," 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3005 (2d ed. 1997).

28

There are myriad settings in which a court has an independent duty, much like the duty created by a proposed consent decree, to review the terms of a settlement offer; Rule 68's operation does not relieve the court of that duty:

> [I]n class actions the court has an independent duty under Rule 23(e) to decide whether a settlement is acceptable, and Rule 68 cannot remove that authority and duty. <u>Beyond that, the court must retain authority to evaluate a proposed judgment for injunctive relief</u>. . . . The decision whether to enter any injunction is ultimately within the court's discretion. . . . Certainly, the court may not enter an injunction that calls for an illegal act simply because the parties have agreed to it. . . . As a general matter, consent decrees present peculiar difficulties for courts, and they create particular risks regarding the possible impact or a resulting injunction on nonparties.

<u>Id</u>. (emphasis added). Thus, "[a]t least in cases seeking injunctions or similar judgments, therefore, the court cannot be compelled to enter the agreed judgment even though it emerged from a Rule 68 offer and acceptance." <u>Id</u>; <u>see also</u> <u>Martin v. Mabus</u>, 734 F. Supp. 1216, 1222 (S.D. Miss. 1990) ("[T]he procedures prescribed by rule 68 for making an offer of judgment are literally inapplicable because rule 23(e) requires that court approval be obtained in order for a case to be dismissed or compromised.").

Essentially, then, the presence of injunctive relief in a Rule 68 offer renders it the functional equivalent of a proposed consent decree by requiring a court to review the terms of the offer. Consequently, a Rule 68 judgment including

injunctive relief clearly bears a sufficient judicial imprimatur to satisfy Buckhannon. Cf. Am. Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315, 1319 n.2 (11th Cir. 2002) ("[T]he district court's explicit approval of the settlement and express retention of jurisdiction to enforce its terms, are the functional equivalent of a consent decree. . . .").

Notably, the Rule 68 offer in this case included, in addition to an offer of $45,000, a promise by the defendants to "refrain from competing with Plaintiff for a period of thirty (30) days from the date of acceptance of this Offer." The presence of this proposed injunctive relief provided the district court with the authority, indeed imposed the obligation, to review its terms before entry. We should conclude, then, that the judgment entered pursuant to this offer renders UA 2000 a prevailing party. It is on these grounds that I would reverse the district court's denial of attorney's fees, while leaving for another day the more general question of whether all Rule 68 judgments satisfy Buckhannon.