# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1969

_____

| | | |
|---|---|---|
| Rhonda Thompson; Keith Thompson, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Southern Farm Bureau Casualty | * | Eastern District of Arkansas. |
| Insurance Company, | * | |
| | * | [PUBLISHED] |
| Appellee. | * | |

_____

Submitted: March 24, 2008
Filed: March 28, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Rhonda and Keith Thompson appeal following the district court's entry of judgment in their favor pursuant to Federal Rule of Civil Procedure 68, but adverse denial of their post-judgment motions to amend the judgment and for reconsideration. For the reasons stated, we vacate the judgment and remand the case for further proceedings consistent with this opinion.

In October 2006, the Thompsons filed a lawsuit against Southern Farm Bureau Casualty Insurance Company (Southern Farm), seeking $100,000 in underinsured motorist coverage, plus attorney fees, prejudgment interest, and litigation costs. In

January 2007, Southern Farm filed an "Offer of Judgment" stating, as relevant, "Farm Bureau offers to tender its policy limits of $100,000 as an offer of judgment, but denies any liability for costs, penalty, interest or attorney's fees." In response, the Thompsons filed an "Acceptance of Offer of Judgment" which stated that they "accept[ed] the offer made by defendant in its Offer of Judgment . . . by which defendant offered to allow judgment to be taken against it for $100,000.00 pursuant to Rule 68 of the Federal Rules of Civil Procedure." The clerk of the court then entered judgment against Southern Farm for $100,000 pursuant to Rule 68. Thereafter, Southern Farm tendered to the Thompsons a check for $100,000, on which Southern Farm indicated that the payment covered "ANY AND ALL CLAIMS," and with which Southern Farm imposed certain conditions. The Thompsons refused to accept the check as tendered and with Southern Farm's conditions. The Thompsons also filed a motion in the district court for statutory penalties, attorney fees, and prejudgment interest, which the court construed as a motion to amend the judgment.

At a subsequent hearing, the district court found that Southern Farm's offer was unambiguous: it "offered to settle the case essentially by payment of $100,000, and not paying penalty, interest, and attorney's fees." The court thus denied the Thompsons' motion. The Thompsons then filed a motion to reconsider, which the court also denied. On appeal, the Thompsons argue (1) the district court erred in concluding Southern Farm's offer of judgment unambiguously excluded costs and other remedies, and (2) if the court's interpretation was correct, then the offer was void as a matter of law because an offer of judgment under Rule 68 may not exclude costs.

We agree with the district court's conclusion that Southern Farm's offer of judgment unambiguously excluded costs, because the evidence as a whole unequivocally demonstrated that the offer meant that Southern Farm would not be liable for costs or any other remedies upon the Thompsons' acceptance of the offer. Cf. Stewart v. Prof'l Computer Ctrs., 148 F.3d 937, 938-40 (8th Cir. 1998) (Rule 68 offer providing that "judgment be entered on any or all counts against Defendant in

a total amount not to exceed FOUR THOUSAND FIVE HUNDRED AND No/100 DOLLARS ($4,500.00) as provided in Rule 68" was open to more than one interpretation; although defendant intended offer to include attorney fees, and plaintiff had requested such fees among counts in complaint, plaintiff interpreted offer to permit her to seek fees in addition to lump-sum offer; because parties did not manifest mutual assent to same terms, court vacated judgment on ground that there was no valid offer and acceptance under Rule 68); Radecki v. Amoco Oil Co., 858 F.2d 397, 399-403 (8th Cir. 1988) (reversing entry of judgment made pursuant to Rule 68 because no binding agreement resulted when plaintiff's purported acceptance of defendant's Rule 68 offer did not mirror terms of offer, and parties thus did not manifest mutual assent to terms; relying upon extrinsic evidence to interpret original offer).

However, we conclude that the district court erred in determining that Southern Farm's offer of judgment was legally valid. "[P]rinciples of contract law are applied to test whether there has been valid offer and acceptance under Rule 68." Stewart, 148 F.3d at 939; see Marek v. Chesny, 473 U.S. 1, 5 (1985) (in analyzing denial of costs incurred after offer of judgment, court must first determine whether offer was valid under Rule 68). Although a Rule 68 offer of judgment may offer a lump-sum payment that includes costs, such an offer may not exclude costs. See id. at 6 ("As long as the offer does not implicitly or explicitly provide that the judgment *not* include costs, a timely offer will be valid."); see also Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1241 (11th Cir. 2002) (offer of judgment is proper as long as it does not explicitly exclude costs; "The sole constraint Rule 68 places on offers of judgment is its mandate that an offer include 'costs then accrued.'"). While it is true that some circuits have allowed parties to define *which* costs are included in the judgment, see id. at 1249, Marek forbids a party from excluding *all* costs in its offer, which Southern Farm attempted to do. We thus hold that there was no valid offer under Rule 68, and that the judgment entered pursuant

to Rule 68 is void.[1]  Accordingly, we vacate the judgment and remand the case to the district court for further proceedings consistent with this opinion.

RILEY, Circuit Judge, dissenting.

A deal is a deal!

Without referencing Rule 68, defendant Southern Farm made an Offer of Judgment by tendering its policy limits of $100,000, "but deny[ing] any liability for

---

[1]The dissent argues that even if the offer of judgment was an invalid Rule 68 offer, it nonetheless was a valid settlement offer.  The parties, however, including Southern Farm, treated the offer as an offer of judgment under Rule 68 rather than as a simple settlement offer.  Southern Farm titled its pleading, "Offer of Judgment," consistent with the language of Rule 68, and filed it with the district court rather than simply presenting it as a proposed consent judgment to the Thompsons during the course of settlement negotiations.  The Thompsons explicitly accepted the offer "pursuant to Rule 68," and the court entered judgment pursuant to Rule 68.  The district court also consistently identified it as a Rule 68 offer in its subsequent orders.  Southern Farm never objected to this characterization and does not argue on appeal that the offer was anything other than a Rule 68 offer.  Indeed, we have little doubt that Southern Farm filed its Offer of Judgment with the district court in order to avoid additional costs pursuant to Rule 68(d).  Because it has all the characteristics of a Rule 68 offer of judgment, and the parties and the court consistently treated it as such, we disagree with the dissent and conclude that Southern Farm's offer was not a simple settlement offer that the Thompsons accepted.  See Util. Automation 2000, 298 F.3d at 1244 ("While an offeree can respond to an ordinary settlement offer through a counteroffer or seek to clarify or modify its terms, a Rule 68 offeree is at the mercy of the offeror's choice of language and willingness to conform it to the understanding of both parties.").

Even if we were to consider the offer of judgment as an invalid Rule 68 offer but a valid settlement offer, the Thompsons explicitly accepted the offer "pursuant to Rule 68."  Because Marek requires a Rule 68 offer to include costs, the Thompsons' acceptance "pursuant to Rule 68" differed from Southern Farm's offer that excluded costs.  Therefore, the parties did not manifest mutual assent to the same terms.  See Stewart, 148 F.3d at 940; Radecki, 858 F.2d at 403.

costs, penalty, interest or attorney fees." Plaintiffs then "accept[ed] the offer made by defendant in its Offer of Judgment . . . by which defendant offered to allow judgment to be taken against it for $100,000 pursuant to Rule 68 . . . ."

The district court entered Judgment for $100,000 after referencing the Offer of Judgment and the Acceptance of Offer of Judgment "pursuant to Rule 68 . . . ." Contrary to the majority's footnote explanation, the Judgment does not say it is entered pursuant to Rule 68. In the district court's Order on Plaintiff's Motion to Reconsider, the court found "defendant made an unambiguous offer to settle the case for $100,000.00 which did not include any liability for costs, penalty, interest or attorney fees and . . . plaintiffs accepted without any reservations." A deal was made.

A Rule 68 offer excluding all costs may be invalid. See Marek v. Chesny, 473 U.S. 1, 6 (1985) ("As long as the offer does not implicitly or explicitly provide that the judgment *not* include costs, a timely offer will be valid"). However, the offer by Southern Farm did not reference Rule 68 and is a valid settlement offer, even if an invalid Rule 68 offer. The settlement offer was accepted by plaintiffs according to the offer's terms: "plaintiffs . . . hereby accept the offer made by defendant in its Offer of Judgment"—a deal.[2]

The district court went further and alternatively reasoned in the final paragraph of its order that if the parties' exchange were considered under Rule 68, "an offer under Rule 68 which does not include costs would not be a void offer as a party may waive his or her statutory eligibility for costs . . . as part of a settlement agreement." The Eleventh Circuit's opinion in Util. Auto. 2000 v. Choctawhatchee Elec. Coop.,

_____

[2]The plaintiffs unequivocally accepted defendant's offer. The plaintiffs' subsequent recharacterization of the offer as "pursuant to Rule 68" cannot reasonably reflect a counteroffer or otherwise fail to "manifest mutual assent to the same terms," as theorized by the majority's explanatory footnote, because plaintiffs already had accepted the offer. The majority's theory also is contrary to the district court's express finding of fact that the "plaintiffs . . . accepted without any reservations."

298 F.3d 1238 (2002), supports this view by reasoning that a Rule 68 offer may define what costs are or are not offered and payable.  The court advises "defendants can easily preempt the dispute exemplified here [whether attorney fees are included as costs], as well as others, by clearly stating their intent in the offer of judgment." Id. at 1249.  Defendant Southern Farm clearly stated its offer "denies *any liability* for costs, penalty, interest or attorney's fees." (Emphasis added).

This appeal presents us with another example of parties voluntarily, with the advice of legal counsel no less, entering into an unambiguous contract, followed by one side experiencing regret and asking a court to invalidate the contract on a legal technicality.  When one party's word is not one's bond, the courts should not affirm the breach of that word.

I would affirm the district court's finding and enforcement of an unambiguous settlement agreement.  A deal is a deal.

_____