Elaine S. CRESCENZO, Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY GROUP, LLC, d/b/a Account Resolution Services, Defendant.

Case No. 11–60384–CIV.

United States District Court, S.D. Florida.

Jan. 31, 2012.

Donald A. Yarbrough, Fort Lauderdale, FL, for Plaintiff.

Barbara Fernandez, Hinshaw & Culbertson LLP, David Palmer Hartnett, Hinshaw & Culbertson, Miami, FL, for Defendant.

### ORDER ON MOTION FOR ATTORNEYS FEES AND COSTS

DONALD M. MIDDLEBROOKS, District Judge.

THIS CAUSE comes before the Court on Plaintiff's Motion for Attorneys Fees

and Costs ("Motion") (DE 25), filed August 22, 2011. I have reviewed the instant Motion and am otherwise fully advised in the premises.

Before turning to Plaintiff's Motion, it is necessary to briefly reflect upon the facts of this matter. On February 22, 2011, Plaintiff filed her Complaint alleging Defendant left a message on her voicemail that failed to disclose Defendant's status as a debt collector in violation of 15 U.S.C. § 1692e(11) of the Fair Debt Collection Practices Act ("FDCPA") (*see* DE 1 at 4–5) and failed to make a meaningful disclosure of Defendant's identity as a debt collector in violation of 15 U.S.C. § 1692d(6) of the FDCPA (*id.* at 5–6). Additionally, Plaintiff claimed Defendant violated section 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act ("TCPA") by placing a non-emergency telephone call to Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice. (*Id.* at 6–7 (citing 47 U.S.C. § 227(b)(1)(A)(iii))). The Parties filed a Stipulation of Dismissal (DE 23) on June 20, 2011, and I dismissed Plaintiff's two claims under the FDCPA with prejudice and Plaintiff's claim under the TCPA without prejudice. (*See* DE 24).

Pursuant to section 1692k(a)(3) of the FDCPA, in a case where a debt collector is found liable for violating any provision of the FDCPA, the debt collector is also liable to the prevailing party for "the costs of the action, together with a *reasonable attorney's fee* as determined by the court." 15 U.S.C. § 1692k(a)(3) (emphasis added). In her Motion for Fees and Costs, Plaintiff moves the Court to award her $6,261.50 in attorneys fees because Donald Yarbrough ("Yarbrough"), her attorney, spent 17.89 hours on this matter and bills at an hourly rate of $350.00. (*See* DE 25 at ¶¶ 8–10).

█ In order to determine whether the amount sought by Plaintiff is reasonable, I am bound to utilize the "lodestar" method,

which was first articulated in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), and adopted by the Eleventh Circuit in *Norman v. Hous. Auth. of Montgomery,* 836 F.2d 1292 (11th Cir.1988). In *Hensley,* the Supreme Court held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" because this calculation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* at 433, 103 S.Ct. 1933. The party seeking an award of fees bears the burden of substantiating his fee; accordingly, he must submit evidence supporting the hours worked and the hours claimed. *Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham,* 706 F.2d 1205, 1207 (11th Cir.1983) (citing *Carr v. Blazer Fin. Servs., Inc.,* 598 F.2d 1368, 1371 (5th Cir.1979)).

### 1. Reasonable Hourly Rate

█ First, I must determine whether Yarbrough's hourly rate of $350.00 is reasonable. An hourly rate is reasonable if it is in line with "the prevailing market rate in the relevant legal community for similar services" performed "by lawyers of reasonably comparable skills, experience and reputation." *Norman v. Hous. Auth. of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988) (citing *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). Yarbrough bears the burden of proving, by direct or opinion evidence, that his requested hourly rate of $350.00 is in line with prevailing market rates. *Norman,* 836 F.2d at 1299.

█ Defendant objects to Yarbrough's hourly rate of $350.00 (*see* DE 30 at 10) and argues that Yarbrough's rate "should be no more than $300.00 an hour." This Court "is itself an expert on the question"

of whether an attorney's rate is reasonable, and, I agree with Defendant that an hourly rate of $350.00 is excessive. *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir.1994) (quotation marks omitted). In determining whether a rate is reasonable, I "may consider [my] own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir.1994) (quotation marks omitted).

■ The above-styled action involved a simple and straightforward FDCPA claim, which was neither novel nor difficult. While Yarbrough has experience litigating FDCPA cases, experience alone does not establish that his rate is reasonable. An attorney who lacked Yarbrough's experience would have possessed the skills necessary to represent Plaintiff in this matter, especially considering the Parties settled almost immediately and damages were capped at $1,000.00. Even Yarbrough states that "[f]or approximately the last 6 years" he has been awarded $300.00 per hour for his work in FDCPA cases, and, only recently, he has been awarded $350.00 per hour for the work he performed in a few matters. (Yarbrough Aff. at 6). After carefully considering Yarbrough's Affidavit and the record, I find a rate of $300.00 is reasonable and in line with the prevailing market rate of a lawyer with reasonably comparable skills, experience, and reputation in this area.

### 2. Hours Reasonably Expended

■ Yarbrough also bears the burden of documenting his time expenditures and may submit opinions as to their reasonableness. *Norman,* 836 F.2d at 1303. "In a statutory fee case, the party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants no-

tice, the reasonableness of the requested fee." *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933; *Norman,* 836 F.2d at 1301.

■ Before determining whether the hours spent by Yarbrough were unreasonable, I first must address the Parties' disagreement concerning whether Plaintiff is even entitled to recover for the hours Yarbrough spent litigating this matter after Defendant made its settlement offer. Defendant argues Plaintiff should not be entitled to recover any attorneys fees or costs that accrued after Defendant made its settlement offer on March 21, 2011. (*See* DE 30 at 1). Defendant claims any work performed by Plaintiff after Defendant offered to settle Plaintiff's FDCPA claims for "one dollar more than the maximum amount of damages Plaintiff is entitled to recover under the" FDCPA was both unnecessary and unreasonable. (*See* DE 30 at 1). Plaintiff argues Defendant only made an "informal settlement offer", which does not "cut off" fees and costs accrued after the offer was made because only an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure "would have the effect of cutting off attorney's fees." (*See* DE 35 at 1).

Rule 68 provides in pertinent part that: "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party *an offer to allow judgment on specified terms, with the costs then accrued.*" Fed.R.Civ.P. 68(a) (emphasis added). "Rule 68 allows a defendant to make a firm, non-negotiable offer of judgment." *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.,* 298 F.3d 1238, 1240 (11th Cir.2002). In the instant matter, Defendant stated in its written offer that Defendant will "offer Plaintiff the amount of $1,001, plus reasonable attorney's fees and court costs to date, to resolve all claims asserted by Plaintiff against Defendant for the alleged

violations of the Fair Debt Collection Practices Act." (*See* DE 30–Exhibit 1 at 2). Defendant's offer was non-negotiable; nevertheless, Plaintiff had no need to negotiate Defendant's offer because Defendant offered her more money than she could have recovered under the FDCPA. Additionally, in Defendant's offer, it stated Defendant "believe[s] that the FDCPA settlement offer above moots Plaintiff's FDCPA claim[s] and there is no longer subject matter jurisdiction over the TCPA claim[ ]" (*id.*), which demonstrates that Defendant's offer was firm. Defendant's offer allows for judgment in the amount of $1,001.00, plus reasonable attorneys fees and costs accrued up until March 21, 2011, and, by its terms, is firm and non-negotiable; thus, Defendant's offer was a Rule 68 offer and not an informal settlement offer.

"Unlike traditional settlement negotiations, in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with a Rule 68 offer may only accept or refuse." *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002). Regardless of whether Plaintiff accepted or refused Defendant's offer of judgment, she is still not entitled to recover attorneys fees and costs accrued after March 21, 2011.

In the instant case, it appears Plaintiff accepted Defendant's offer; therefore, it is unclear why she seeks attorneys fees and costs incurred *after* the date Defendant made its settlement offer. Plaintiff, in her own words, states "Defendant offered to settle Plaintiff's FDCPA claim[s] only by paying Plaintiff $1,001.00 plus reasonable attorney's fees and costs" and she *"accepted the offer."* (*See* DE 25 at 1 (emphasis added)). By the very terms of Defendant's offer, Defendant only agreed to pay Plaintiff "$1,001.00, plus reasonable attorney's fees and court costs *to date* ...." (*See* DE 30–Exhibit 1 at 2 (emphasis add-

ed)). Accordingly, looking at the terms of the offer Plaintiff represents she accepted, she is only entitled to recover attorneys fees and costs that accrued *on or before* March 21, 2011.

Nevertheless, even though Plaintiff represents she accepted an offer that only awards her attorneys fees and costs that accrued on or before March 21, 2011, she argues she is entitled to recover all the attorneys fees and costs that accrued up until June 24, 2011. (*See* DE 27–Exhibit 1 at 2). If the Parties did in fact reach a different agreement, which the facts do not indicate they did, then Plaintiff did not accept Defendant's offer of judgment. Rule 68 provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the *offeree must pay* the costs incurred after the offer was made." Fed. R.Civ.P. 68(d) (emphasis added). This cost-shifting provision "encourages plaintiffs to accept reasonable offers" because it "forces a plaintiff who refuses an offer and then ultimately recovers less ... than the offer amount to pay the costs incurred from the time of the offer." *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1240–41 (11th Cir.2002). This provision "prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits," *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1241 (11th Cir.2002) (quoting *Marek v. Estate of Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985)), which accomplishes Rule 68's aim "to encourage settlement and avoid litigation," *Marek*, 473 U.S. at 5, 105 S.Ct. 3012.

Since both Parties represent to the Court that Plaintiff accepted Defendant's offer of judgment, Plaintiff is only entitled to attorneys fees and costs ac-

crued on or before March 21, 2011.[1] Thus, of the 17.89 hours spent by Yarbrough litigating this matter, Plaintiff *at most* is entitled to recover 4.69 hours, which represents all the time Yarbrough spent on this matter as of March 21, 2011. Turning to the reasonableness analysis, when seeking attorney's fees, the prevailing party must not request fees for hours that are "excessive, redundant, or otherwise unnecessary;" *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1940–41, 76 L.Ed.2d 40 (1983). After carefully considering Yarbrough's Invoice, Defendant's Response, and the record in this matter, I find that the hours expended by Yarbrough, 4.69, were reasonable.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Attorneys Fees and Costs (DE 25) is **GRANTED IN PART AND DENIED IN PART.** Defendant shall pay Plaintiff $1,797.00, which represents an award of $1,407.00 in attorneys fees[2] and $390.00 in costs.

---

1. Even if I were solely to consider whether Yarbrough's hours were reasonable, I would opt to conduct an hour-by-hour analysis, *see Bivins v. Wrap It Up Inc.,* 548 F.3d 1348, 1350 (11th Cir.2008), and only award Plaintiff attorneys fees and costs that accrued on or before March 21, 2011. Any time spent by Plaintiff litigating this matter after Defendant made its offer of judgment was unreasonable and unnecessary considering that Defendant offered Plaintiff more money than she could have received under the FDCPA.

2. This amount represents 4.69 hours at a rate of $300.00 an hour.