[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11370  ; 16-11655
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-00022-JRH-BKE

GLORIA J. ALLEN,
as next friend of J.D.L., Jr. and M.A.M.,
minor children of the decedent,
Jeremy D. Love, Sr.,
GLORIA J. ALLEN,
as Administratrix of the Estate of
Jeremy D. Love, Sr.,
ZACHARY G. LOVE,
JEREMY D. LOVE, JR.,

                                                    Plaintiffs - Appellees
                                                    Cross Appellants,

versus

CITY OF GROVETOWN, et al.,

                                                    Defendants - Cross Appellees,

MIKE FREEMAN,
Sergeant, individually and in his
official capacity as an officer with
the Grovetown Police Department,
CHESTER HOPKINS,
Officer, individually and in his
official capacity as an officer with
the Grovetown Police Department,

Defendants - Appellants.

_____

Appeals from the United States District Court
for the Southern District of Georgia
_____

(March 7, 2017)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

On April 28, 2008, Jeremy Love was arrested and taken to the Grovetown jail. By mid-afternoon of the next day, he had died after hanging himself in his cell. Love's mother, Gloria Allen, as administratrix of Love's estate and as next friend of Love's minor children ("Plaintiffs"), filed this action pursuant to 42 U.S.C. § 1983 alleging various constitutional and state law causes of action against the City of Grovetown ("Grovetown"), Chief Al Robinson, Sergeant Mike Freeman; Officer Chester Hopkins; and Sergeant Christopher Harden. The district court dismissed the claims against Grovetown, Robinson, and Harden on a motion for judgment on the pleadings. After discovery, Hopkins and Freeman made an offer of judgment pursuant to Rule 68, which Plaintiffs accepted.

The district court entered judgment according to the Rule 68 offer and granted Plaintiffs' motion to award fees over Hopkins and Freeman's objections. Hopkins and Freeman argued that the offer of judgment unambiguously included

2

costs and fees within the $100,000 offer, particularly when considered along with contemporaneous email communications between the parties.  The district court concluded that Hopkins and Freeman's offer to settle Plaintiffs' "claims for relief" was at least ambiguous as to whether costs and attorney's fees were included.  And because ambiguity in an offer of judgment must be construed against the offeror, the district court awarded attorney fees against Hopkins and Freeman.

Hopkins and Freeman appeal the award of fees.  Plaintiffs cross appeal the district court's order dismissing Plaintiffs' claims against Grovetown and Robinson.  After careful review, we affirm the district court's award of fees and dismiss Plaintiff's cross appeal for lack of jurisdiction.

## A.

We review the district court's interpretation of a Rule 68 offer de novo.  See Reynolds v. Roberts, 202 F.3d 1303, 1312-13 (11th Cir. 2000) (de novo review applies to construction of settlement offers).  Ambiguity in a Rule 68 offer is construed against the drafter.  Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc., 298 F.3d 1238, 1244 (11th Cir. 2002).  Unlike other settlement offers, a Rule 68 offer is not subject to the back and forth of ordinary negotiation.  Instead, the offeree is faced with a straight up or down decision, and the failure to accept has consequences.  If the offeree fails to obtain a result more favorable than the rejected offer, it must pay costs accrued after the offer was made.  Fed. R. Civ.

3

P. 68.  This feature of "Rule 68 requires that the responsibility for clarity and precision in the offer must reside with the offeror."  Util. Automation 2000, 298 F.3d at 1244.  Given the potential consequences, "the plaintiff should not be left in the position of guessing what a court will later hold the offer means."  Id. at 1244 (quoting Webb v. James, 147 F.3d 617, 623 (7th Cir. 1998)).

On June 17, 2015, Hopkins and Freeman made a timely offer of judgment pursuant to Rule 68:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendants hereby offers to allow Judgment to be entered against them in this action in the amount of $100,000.00 (One Hundred Thousand Dollars and No/100), including all of Plaintiffs' claims for relief.

Counsel for the parties met to discuss the offer on June 30, 2015, and after that meeting, counsel for Hopkins and Freeman sent an email expressing that their "intention for the offer was to include all costs, fees, or any other relief [Plaintiffs] may be entitled to in this action."  Plaintiffs accepted the offer of judgment the next day, and moved for attorney's fees.

After considering argument from both parties, the district court awarded attorney's fees to the Plaintiffs in addition to the $100,000 judgment finding that the offer was ambiguous as to whether the $100,000 included fees.  We agree. "Claims for relief" does not unambiguously encompass claims for attorney's fees. We often use claims for relief to mean the causes of action that show a plaintiff is

4

entitled to relief rather than the damages, costs, and fees a plaintiff might claim entitlement to.  For example, Rule 54(b) provides that, absent a specific finding by the court, an action with multiple "claims for relief" is not final until all such claims are resolved.  But subsection (d) of the very same rule provides the procedure for addressing claims for attorney's fees after a judgment is entered -- indicating that a claim for attorney's fees is not a "claim for relief" that delays finality under subsection (b).  Given these distinctions, offering to pay $100,000 to satisfy Plaintiffs' "claims for relief" does not unambiguously communicate that the offer includes fees.  See Sanchez v. Prudential Pizza, Inc., 709 F.3d 689, 692–93 (7th Cir. 2013) (holding that a Rule 68 offer using the term "claims for relief" was at least ambiguous as to whether it included fees); Lima v. Newark Police Dep't, 658 F.3d 324, 332 (3d Cir. 2011) (holding that the phrase "all of Plaintiff's claims for relief" was ambiguous).

Defense counsel's clarification by email does not change the analysis. Allowing extrinsic evidence to expand on the meaning of a Rule 68 offer would conflict with our rule that "any ambiguity in the terms of the offer must be resolved against its drafter."  Util. Automation 2000, 298 F.3d at 1244 (emphasis added); see also Lima, 658 F.3d at 331 (holding that extrinsic evidence cannot be used to modify the terms of a Rule 68 offer).  Otherwise Plaintiffs are "left in the position

of guessing what a court will later hold the offer means." Util. Automation 2000, 298 F.3d at 1244.

The offer of judgment was at least ambiguous as to whether it included fees, and thus the district court properly read the offer to not include them. Accordingly, we affirm the district court's fee award.

B.

Plaintiffs filed a cross appeal challenging the district court's dismissal of their claims against the City and Robinson. However, we do not reach the merits of this argument because we lack jurisdiction over the cross appeal.

In a civil case, the timely filing of a notice of appeal is a jurisdictional requirement, and this Court cannot entertain an appeal that is out of time. Green v. Drug Enf't Admin., 606 F.3d 1296, 1300–02 (11th Cir. 2010). To be timely, a notice of appeal in a civil action must be filed no later than 30 days after the judgment or order the party seeks to challenge is entered on the docket. Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a). However, the running of this 30–day period will be tolled if a party files one of several enumerated motions, including a motion to alter or amend the judgment under Fed. R. Civ. P. 59, or a motion for relief under Fed. R. Civ. P. 60 "if the [Rule 60(b)] motion is filed no later than 10 days after judgment is entered." Fed. R. App. P. 4(a)(4)(A). In those circumstances, "the time to file an appeal runs for all parties from the entry of the

order disposing of the last such remaining motion." Id. If one party files a timely notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by Rule 4(a), whichever is later.  Fed. R. App. P. 4(a)(3).

The district court issued final judgment on the merits on July 20, 2015.  All earlier interlocutory orders -- including the order dismissing Grovetown and Robinson -- became immediately appealable, notwithstanding the fact that the attorney's fees issue remained outstanding.  See Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs, 134 S. Ct. 773, 777 (2014).  Therefore, to appeal the dismissal of Grovetown and Robinson, Plaintiffs should have filed their notice of appeal on or before August 19, 2015.  Because they did not do so, we lack jurisdiction to hear their appeal.

As for Plaintiffs' arguments to the contrary, we are unpersuaded.  First, they point out that they filed a motion to reconsider the order dismissing Grovetown and Robinson which the Court never ruled on, and argue that this pending motion preserves their time to appeal.  However, four months after that motion was filed, the district court entered an order staying the case pending mediation.  In that May 2011 order, the court directed the parties to file a motion to reopen if they failed to reach a settlement and to notify the court if there were any pre-stay motions they wished the court to address.  The district court's stay order constructively denied

7

the motion for reconsideration without prejudice, and though the case was reopened, Plaintiffs made no mention of any motion to reconsider. That motion, therefore, does not toll the time to appeal.

Plaintiffs also argue that the district court's order directing the clerk to enter judgment pursuant to Rule 68 was not a final order because the district court deferred approval of the settlement until it resolved the fee issue. But in its order, the district court expressly granted the motion for settlement and directed the clerk to enter judgment against Hopkins and Freeman. It reserved only the approval of fees, and cited Local Rule 17.1(c) of the Local Rules for the Southern District of Georgia -- a provision requiring the district court to approve fee arrangements when entered into by a guardian on behalf of a minor. Reserving ruling on the fee issue does not affect the finality of the judgment on the merits. See Ray Haluch Gravel Co., 134 S. Ct. at 777.

Finally, Plaintiffs argue that their cross-appeal is timely because it was filed "within 14 days of when the first notice [of appeal] was filed" as required by Fed. R. App. P. 4(a)(3). But for Plaintiffs cross appeal to be timely, Hopkins and Freeman's notice of appeal must also have been timely. Hopkins and Freeman's notice of appeal, however, was timely only as to the appeal of the fee award, not the substantive judgment on the merits. Consequently, Plaintiffs cross appeal was likewise timely only to the extent it challenged the fee award. None of the

8

Plaintiffs' remaining arguments have merit, and we dismiss Plaintiff's cross appeal for lack of jurisdiction.

**AFFIRMED IN PART, DISMISSED IN PART.**