No. 115,745

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DOUGLAS K. RICHARDSON and MARY K. RICHARDSON,
*Appellants*,

v.

MARILYN K. MURRAY and PAUL E. MURRAY,
*Appellees*.

SYLLABUS BY THE COURT

1.

Under K.S.A. 2016 Supp. 60-2002(b), a defendant may make an offer to the plaintiff for judgment to be taken against the defendant, with costs then accrued. If the plaintiff accepts the offer, judgment is entered by the clerk for the amount of the offer. If the plaintiff rejects the offer and then at trial recovers less than the amount tendered in the pretrial offer of judgment, the plaintiff must pay for the defendant's postoffer costs and cannot recover his or her own postoffer costs. The purpose of the offer of judgment rule is to promote settlement.

2.

"Costs" ordinarily means the fees and charges of the court—filing fees, fees for service of process, and the like. Because attorney fees generally are not included in the costs of an action, a party who accepts an offer of judgment may only recover attorney fees as costs if the relevant statute or other authority defines costs to include attorney fees.

1

3.

The Kansas Consumer Protection Act (KCPA) provides the court with discretion to award reasonable attorney fees to a prevailing party when a supplier has violated the KCPA and the action has been terminated by judgment. The KCPA does not define attorney fees as part of the costs of an action.

4.

Where a real estate contract requires reimbursement to the nondefaulting party for all "attorney fees, court costs and other legal expenses" incurred in connection with the default, the terms "attorney fees" and "costs" are not equivalent because they are separately identified items. Thus, attorney fees are not part of the costs included under the contract.

5.

Any waiver or limitation of the right to seek attorney fees in an offer of judgment must be clearly and unambiguously stated by the offeror to have effect.

6.

Where an offer of judgment does not include any language to suggest that it includes attorney fees as part of the costs accrued and does not include any language to suggest that accepting the offer will somehow waive the offeree's ability to recover attorney fees to which an offeree would be entitled separate and apart from costs, the offeree is permitted to pursue attorney fees under a theory of recovery separate and apart from attorney fees as "costs then accrued" under K.S.A. 2016 Supp. 60-2002(b) and costs as defined in K.S.A. 2016 Supp. 60-2003.

7.

A court may not award attorney fees absent statutory authority or an agreement by the parties.

2

8.

By voluntarily submitting an offer of judgment, a defendant allows judgment to be taken against him or her to the effect specified in the offer based on the pleadings and the evidence in the record. Such judgment is a final determination of the parties' rights in an action and is indistinguishable from an admission of liability by the offeror.

9.

The offeree becomes the prevailing party upon accepting the offer of judgment; thereafter, the court enters an order granting judgment to the offeree to the extent specified in the offer.

10.

Filing a satisfaction of judgment does not trigger acquiescence precluding appeal of that judgment when the issues on appeal do not affect the accepted payments.

11.

Appellate courts may award attorney fees for services on appeal in a case in which the district court had authority to award fees.

Appeal from Johnson District Court; PAUL C. GURNEY, judge. Opinion filed August 18, 2017. Affirmed in part, reversed in part, and remanded with directions.

*Gregory P. Goheen*, *Douglas M. Greenwald*, and *Robert M. Smith*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellants.

*Mark B. Schaffer*, of Frischer & Schaffer, Chtd., of Overland Park, for appellees.

Before STANDRIDGE, P.J., LEBEN, J., and PATRICIA MACKE DICK, District Judge, assigned.

STANDRIDGE, J.:  Douglas K. Richardson and Mary K. Richardson brought suit against Marilyn K. Murray and Paul E. Murray alleging breach of contract and various tort claims after the Richardsons experienced water intrusion in a residence they purchased from the Murrays. The Murrays submitted an offer of judgment prior to trial, which the Richardsons accepted. The Richardsons sought attorney fees and related expenses in conjunction with the offer of judgment, claiming the fees and expenses were part of "court costs accrued" or, in the alternative, as due and owing directly under the real estate contract or the Kansas Consumer Protection Act (KCPA), K.S.A. 50-623 *et seq*. The district court denied the Richardsons' request under all of these theories. At the same time, the district court granted the Murrays' request to order the Richardsons to pay sanctions in the form of a statutory penalty and attorney fees based on the Richardsons' failure to file a timely satisfaction of judgment. The Richardsons appeal from both the district court's decision to deny their application for attorney fees and from its decision to assess sanctions relating to the satisfaction of judgment. Although we agree with the district court that it is not proper to award attorney fees under the theory that they constitute court costs as provided in the offer of judgment, we are persuaded that the district court has the authority to award reasonable attorney fees to the Richardsons based on their status as prevailing parties under the KCPA and the underlying contract for purchase of the residence upon which the Richardsons brought suit. Nevertheless, we affirm the district court's decision to grant the Murrays' motion for sanctions in the form of the statutory penalty and attorney fees related to the Richardsons' failure to file a timely satisfaction of judgment.

FACTS

In March 2013, Marilyn sold a residence in Overland Park, Kansas, to the Richardsons. The Richardsons subsequently experienced water intrusion in their basement. As a result, the Richardsons filed an eight-count petition for damages in Johnson County District Court against the Murrays based on numerous inaccuracies in

4

the disclosure statement provided by Marilyn. The claims set forth in the petition included breach of contract, fraudulent misrepresentation, violation of the KCPA, gross and wanton negligence, negligence, negligent misrepresentation, fraud by omission, and breach of implied duty of good faith and fair dealing.

On October 9, 2015, the Murrays submitted an offer of judgment pursuant to K.S.A. 2016 Supp. 60-2002(b) to allow judgment to be taken against them in the amount of $30,000 with court costs accrued. Under this statute, a defendant may make an offer to the plaintiff for judgment to be taken against the defendant, with costs then accrued. If the plaintiff accepts the offer, judgment is entered by the clerk for the amount of the offer. If the plaintiff rejects the offer and then at trial recovers less than the amount tendered in the pretrial offer of judgment, the plaintiff must pay for the defendant's postoffer costs and cannot recover his or her own postoffer costs. The purpose of the offer of judgment rule is to promote settlement. See K.S.A. 2016 Supp. 60-2002(b).

On October 16, 2015, the Richardsons accepted the Murrays' offer of judgment. On October 20, 2015, a journal entry of judgment was filed as required by K.S.A. 2016 Supp. 60-2002(b). Judgment was entered in favor of the Richardsons and against the Murrays in an amount of $30,000 with court costs accrued. On November 19, 2015, the Richardsons filed an application for attorney fees and expenses and a bill of costs. In support of their application, the Richardsons argued that the "court costs accrued" in the offer of judgment included attorney fees. Alternatively, the Richardsons argued that as prevailing parties in the lawsuit, they were entitled to attorney fees under the real estate contract and under K.S.A. 50-634(e), a provision of the KCPA. The Murrays filed a motion in opposition to the application for attorney fees and expenses, arguing that neither the contract nor the KCPA provides that attorney fees are an element of court costs. The parties argued the motion to the district court on March 8, 2016. The court ultimately allowed the Richardsons $3,598.80 in court costs but denied their request for attorney fees and related expenses.

After the hearing, the Murrays tendered payment to the Richardsons in the amount of the $30,000 judgment plus $3,598.80 in court costs as ordered by the district court. The Richardsons, however, failed to file a satisfaction of judgment within 21 days as required by K.S.A. 2016 Supp. 60-2803(a). As a result, the Murrays filed a motion on April 12, 2016, asking the court to order the Richardsons to immediately file a satisfaction of judgment. Relying on the sanction provision in K.S.A. 2016 Supp. 60-2803(b), the Murrays also sought an award of $100 in statutory penalties and $594 in attorney fees for the Richardsons' failure to file a timely satisfaction of judgment as required by statute. The Richardsons opposed the motion, claiming it was impracticable to file a satisfaction of judgment because their time for appeal from the district court's decision to deny their request for attorney fees and related expenses had not yet expired. On May 6, 2016, the district court granted the Murrays' motion, ordered the Richardsons to file a satisfaction of judgment, assessed a $100 statutory penalty, and assessed $594 in attorney fees against the Richardsons. The Richardsons timely appealed.

ANALYSIS

1. *The Richardsons' application for attorney fees and related expenses*

The Richardsons first contend on appeal that the district court erred in denying their application for attorney fees and related expenses. They rely on two separate theories of recovery to support their application:  (a) the "court costs" included in the offer of judgment should be construed to incorporate attorney fees and (b) as the prevailing party, they are entitled to attorney fees as provided for in the real estate contract and under the KCPA. The district court denied the Richardsons' request on both grounds.

6

Whether the district court has authority to award attorney fees is a question of law over which this court's review is unlimited. Where the district court has authority to grant attorney fees, its determination will not be reversed on appeal absent a showing of abuse of discretion. *Unruh v. Purina Mills*, 289 Kan. 1185, 1200, 221 P.3d 1130 (2009); *Fletcher v. Anderson*, 29 Kan. App. 2d 784, 786, 31 P.3d 313 (2001).

a. *Attorney fees as "court costs accrued"*

The Murrays submitted their offer of judgment pursuant to K.S.A. 2016 Supp. 60-2002, which provides in relevant part:

> "(b) *Offer of judgment*. At any time more than 21 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against such party for the money or property or to the effect specified in such party's offer, with costs then accrued. If within 14 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment."

The Murrays' offer specified it was for $30,000 "with court costs accrued"; thus, the Murrays included costs in their offer as required by statute. However, the offer was silent on whether attorney fees were intended to be included in the costs.

"The term 'costs' ordinarily means the fees and charges of the court—filing fees, fees for service of process and the like." *Divine v. Groshong*, 235 Kan. 127, 141, 679 P.2d 700 (1984). Attorney fees generally are not included in the costs of an action. *Legislative Coordinating Council v. Stanley*, 264 Kan. 690, 703, 957 P.2d 379 (1998) ("Attorney fees are not a part of costs, absent express statutory authority."). Under K.S.A. 2016 Supp. 60-2003, costs are defined as follows:

"Items which may be included in the taxation of costs are:

"(1) The docket fee as provided for by K.S.A. 60-2001, and amendments thereto.

"(2) The mileage, fees, and other allowable expenses of the sheriff, other officer or private process server incurred in the service of process or in effecting any of the provisional remedies authorized by this chapter.

"(3) Publisher's charges in effecting any publication of notices authorized by law.

"(4) Statutory fees and mileage of witnesses attending court or the taking of depositions used as evidence.

"(5) Reporter's or stenographic charges for the taking of depositions used as evidence.

"(6) The postage fees incurred pursuant to K.S.A. 60-303, and amendments thereto.

"(7) Alternative dispute resolution fees shall include fees, expenses and other costs arising from mediation, conciliation, arbitration, settlement conferences or other alternative dispute resolution means, whether or not such means were successful in resolving the matter or matters in dispute, which the court shall have ordered or to which the parties have agreed.

"(8) Convenience fees and other administrative fees levied for the privilege of paying assessments, fees, costs, fines or forfeitures by credit card or other means, including, but not limited to, fees for electronic filing of documents or pleadings with the court.

"(9) Such other charges as are by statute authorized to be taxed as costs."

A party who accepts an offer of judgment may recover attorney fees as costs if the relevant statute or other authority defines costs to include attorney fees. See K.S.A. 2016 Supp. 60-2003(9) (costs include "other charges as are by statute authorized to be taxed as costs"); K.S.A. 2016 Supp. 60-2001(d) (attorney fees are additional court costs that "shall be approved by the court, unless specifically fixed by statute"); *Marek v. Chesny*, 473 U.S. 1, 9, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985) (under corresponding Federal Rule of Civil Procedure 68, "costs" include "all costs properly awardable under the relevant substantive statute or other authority").

8

In *Marek*, the United States Supreme Court was presented with the issue of whether an offer of judgment under Federal Rule of Civil Procedure 68 included attorney fees. The relevant substance of Rule 68 is identical to the Kansas rule. Fed. R. Civ. Proc. 68 (language has been restyled since *Marek*, but other than the number of days to offer and accept judgment, remains substantively identical to the text in effect at that time, which read: "At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued."). The Supreme Court held:

> "[T]he term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 'costs.' Thus, absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68." 473 U.S. at 9.

In that case, the plaintiffs brought suit under 42 U.S.C. § 1983. The Supreme Court held that attorney fees were included in the costs in the offer of judgment because under 42 U.S.C. § 1988, a prevailing party in a § 1983 action may be awarded attorney fees "as part of the costs." 473 U.S. at 9.

The Richardsons contend that the district court erred in denying attorney fees as part of the court costs under the KCPA. But the KCPA does not define attorney fees as part of the costs of the action. K.S.A. 50-634(e) provides that "the court may award to the prevailing party reasonable attorney fees." But unlike the language in 42 U.S.C. § 1988 that expressly defines attorney fees "as part of the costs" of the action, the KCPA does not make any reference to costs. We cannot construe attorney fees to be a "part of the costs" under the KCPA because doing so is inconsistent with the rule set forth in *Marek* and the provision set forth in K.S.A. 2016 Supp. 60-2003(9) (costs include "other charges

9

as are by statute authorized to be taxed as costs"). *Cf. York v. InTrust Bank, N.A.*, 265 Kan. 271, 315, 962 P.2d 405 (1998) (holding costs and expenses are included within award of reasonable attorney fees under the KCPA, notwithstanding the fact that K.S.A. 50-634[e] does not expressly state that expenses are included); *Sheila A. v. Whiteman*, 259 Kan. 549, 566, 913 P.2d 181 (1996) (reasonable expenses are part of attorney fees awardable to prevailing parties under 42 U.S.C. § 1988 civil rights case).

The same goes for the Richardsons' claim that attorney fees are included within "court costs" under the real estate contract. The contract states, in relevant part:

> "If as a result of a default under this Contract, either SELLER or BUYER employs an attorney to enforce its rights, the defaulting party will, unless prohibited by law, reimburse the non-defaulting party for all reasonable attorney fees, court costs and other legal expenses incurred by the non-defaulting party in connection with the default."

The interpretation and legal effect of a written instrument are questions of law over which an appellate court has unlimited review. *Born v. Born*, 304 Kan. 542, 554, 374 P.3d 624 (2016). The plain language of the contract does not define attorney fees as court costs. It provides reimbursement to the nondefaulting parties for all "attorney fees, court costs and other legal expenses" incurred in connection with the default. "Attorney fees" and "costs" are separately identified items, signifying that they are not equivalent. This court must give the language of a written instrument its plain and ordinary meaning. *Sierra Club v. Mosier*, 305 Kan. 1090, 1133, 391 P.3d 667 (2017).

For the reasons stated above, we agree with the district court's finding that attorney fees and related expenses are not awardable as court costs in this case.

b. *Statutory and contractual basis for attorney fees*

As an alternative argument, the Richardsons claim they are entitled to attorney fees—not because they qualify as costs accrued—but instead because the KCPA and the underlying real estate contract specifically provide for an award of attorney fees to the prevailing party. The Richardsons' claim requires us to answer two questions. First, does the offer of judgment in this case permit the Richardsons to seek attorney fees under a theory of recovery separate and apart from attorney fees as "costs then accrued" under K.S.A. 2016 Supp. 60-2002(b) and costs as defined in K.S.A. 2016 Supp. 60-2003? If the Richardsons are permitted to seek attorney fees outside the context of costs, the second question is whether there is statutory authority or an agreement by the parties in this case sufficient to trigger the court's authority to award attorney fees.

(1) *Ability to recover attorney fees outside the context of "costs then accrued"*

Kansas courts have not yet addressed the general proposition of whether an offeree is entitled to seek attorney fees outside the context of "costs then accrued" under the offer of judgment statute in Kansas, K.S.A. 2016 Supp. 60-2002(b). As such, we look to how federal courts have interpreted the corresponding Federal Rule of Civil Procedure 68. Rule 68 provides:

> "At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." Fed. R. Civ. Proc. 68(a).

"The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek*, 473 U.S. at 5. Like K.S.A. 2016 Supp. 60-2002(b), Rule 68 also contains a fee-shifting provision: "If the judgment that the offeree finally obtains is not more favorable

11

than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. Proc. 68(d). The offeree of an ordinary settlement offer may accept an offer on its terms or, without binding himself or herself to the terms of the offer, reject it or make a counteroffer. But under Rule 68, an offeree is in an unusual posture:  He or she must either accept the offer on its terms or proceed to trial and run the risk of not only obtaining a judgment less than the offer, but paying the defending party's postoffer costs. See *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1244 (11th Cir. 2002); *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 392 (7th Cir. 1999); *Allen v. City of Grovetown*, 681 Fed. Appx, 841, 844 (11th Cir. 2017) (unpublished opinion) ("[A] Rule 68 offer is not subject to the back and forth of ordinary negotiation. Instead, the offeree is faced with a straight up or down decision, and the failure to accept has consequences. If the offeree fails to obtain a result more favorable than the rejected offer, it must pay costs accrued after the offer was made."). The offeree is therefore in a difficult position because the rule has a "binding effect when refused as well as when accepted." *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998).

Based on the offeree's unique position as described above, federal courts have held that the offeror bears responsibility for clarity and precision in the offer. See *Utility Automation 2000, Inc.*, 298 F.3d at 1244. If the offeror intends to include attorney fees, then it is incumbent upon that offeror to specify that attorney fees are included in the sum offered. *Webb*, 147 F.3d at 623 ("Because Rule 68 puts plaintiffs at their peril whether or not they accept the offer, the defendant must make clear whether or not the offer is inclusive of fees . . . . As with costs, the plaintiff should not be left in the position of guessing what a court will later hold the offer means."); *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833 (9th Cir. 1997) ("If there is any room for doubt about what is included, or excluded, when 'costs' are offered, the defendant can craft its offer to make clear the total dollar amount that it will pay."). Imposing the responsibility on the offeror to specify that attorney fees are included in the sum offered comports with the language in the Kansas offer of judgment statute, which provides that "a party defending against a

12

claim may serve upon the adverse party an offer to allow judgment to be taken against such party for the money or property or *to the effect specified in such party's offer*, with costs then accrued." (Emphasis added.) K.S.A. 2016 Supp. 60-2002(b). The burden to be clear and precise in its offer also is consistent with Kansas rules requiring ambiguities in the terms of a contract to be interpreted against the drafter. *E.g.*, *Liggatt v. Employers Mut. Casualty Co.*, 273 Kan. 915, 921, 46 P.3d 1120 (2002). For the reasons stated above, we conclude that any waiver or limitation of attorney fees in an offer of judgment must be clearly and unambiguously stated by the offeror to have effect. See *Bevard v. Farmers Ins. Exchange*, 127 F.3d 1147, 1148 (9th Cir. 1997).

Here, the Murrays did not include any language in the offer of judgment to suggest that the $30,000 "with court costs accrued" included attorney fees as part of the costs accrued. Neither did the Murrays include any language in the offer of judgment to suggest that accepting the offer would somehow waive the Richardsons' ability to recover attorney fees to which they would be entitled separate and apart from costs accrued set forth in the offer of judgment, *e.g.*, attorney fees to which the Richardsons may have been entitled under the terms of the underlying contract or any statutory causes of action pled. Because the Murrays failed to clearly and unambiguously waive or limit the Richardsons' right to seek attorney fees outside the context of costs, we conclude the offer of judgment in this case permits the Richardsons to pursue attorney fees under a theory of recovery separate and apart from attorney fees as "costs then accrued" under K.S.A. 2016 Supp. 60-2002(b) and costs as defined in K.S.A. 2016 Supp. 60-2003.

(2) *Authority to award fees based on applicable statute or parties' agreement*

Having determined that the offer of judgment in this case permitted the Richardsons to seek attorney fees outside the context of costs, we next must decide whether the district court had the authority to award attorney fees to the Richardsons

based on an applicable statute or agreement of the parties. This court exercises unlimited review over the question of whether the district court has authority to award attorney fees. *Unruh*, 289 Kan. at 1200. A court may not award attorney fees absent statutory authority or an agreement by the parties. *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 162, 298 P.3d 1120 (2013); *Unruh*, 289 Kan. at 1200.

In this case, the district court declined to award attorney fees based on its conclusion that the offer of judgment did not include an admission of liability on the merits as to any of the claims asserted, including the claim that the Murrays violated the KCPA and the claim that the Murrays breached the underlying real estate contract:

> "The Plaintiffs have not proven the merits of the claims that might have entitled them to attorney's fees. An Offer of Judgment, as the Defendants have stated, is not an admission of liability or an admission on the merits of the claims. And the Offer of Judgment doesn't specify the exact nature of the claims to which the judgment is being confessed."

We disagree with the conclusion reached by the district court. By voluntarily submitting an offer of judgment, the Murrays allowed judgment to be taken against them based on the pleadings and the evidence in the record. A judgment is "the final determination of the parties' rights in an action." K.S.A. 2016 Supp. 60-254(a). The Murrays were on notice from the pleadings and evidence in the record that the Richardsons pled two counts for which attorney fees were available upon proof of their allegations. Although they certainly could have given the language of the statute, the Murrays did not include in their offer an intent to disclaim liability under the contract or the KCPA. See K.S.A. 2016 Supp. 60-2002(b) ("[A] party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against such party for the money or property or *to the effect specified in such party's offer*, with costs then accrued." [Emphasis added.]). For this reason, we find the district court erred in determining that the offer of judgment and subsequent journal entry of judgment do not

14

qualify as an admission of liability on the claims pled. Having determined that the judgment entered against the Murrays for violation of the KCPA and breach of the underlying real estate contract is indistinguishable from an admission of liability, we move on to determine whether the Richardsons, as prevailing parties, are entitled to attorney fees under the KCPA and the underlying real estate contract.

With regard to their cause of action under the KCPA, the Richardsons cite to K.S.A. 50-634(e) for the legal proposition that the district court may award reasonable attorney fees to the prevailing party. K.S.A. 50-634(e) states, in relevant part:

> "[T]he court may award to the prevailing party reasonable attorney fees, including those on appeal, limited to the work reasonably performed if:
> > (1) [A] supplier has committed an act or practice that violates this act and the prevailing party is the consumer; and
> > (2) an action under this section has been terminated by a judgment, or settled."

The district court denied the request pursuant to the KCPA, holding that the Murrays did not, by submitting an offer of judgment, admit to the facts necessary to make them liable for attorney fees. The court held that there was no finding that the Murrays, as sellers of the residence, are suppliers under the KCPA, which is defined as those in the business of selling real estate under that act, or that they had committed any deceptive practices.

Federal courts addressing this issue under Rule 68 have held that, where an underlying statute permits an award of attorney fees to the "prevailing party," a plaintiff who accepts an offer of judgment is entitled to attorney fees. See *Nusom*, 122 F.3d at 833-34 (plaintiff was entitled to attorney fees as prevailing party under Truth in Lending Act and Oregon's civil racketeering statute); *Webb*, 147 F.3d at 623 (court determined plaintiff had prevailed in his ADA claim, and therefore he could recover attorney fees under the ADA, which provides attorney fees to prevailing party). Here, the Richardsons

15

became the prevailing party upon accepting the offer of judgment from the Murrays; thus, the court may award reasonable attorney fees to the Murrays limited to the work reasonably performed in pursuing the KCPA cause of action.

With regard to their cause of action under the theory that the Murrays breached the underlying real estate contract, the district court held the Richardsons did not adequately plead their claim. The court stated that the petition did not claim the Murrays were in default, the petition did not allege they pursued remedies available under the default provision of the contract, and the petition did not specifically request attorney fees.

But the Richardsons' petition alleged the Murrays were in "material breach" of the real estate contract, which they identified as being entered into on or about March 13, 2013. We conclude this allegation is sufficient to provide the Murrays with reasonable notice of the Richardsons' breach of contract claim alleging a material breach of the terms of the contract.

With regard to fees, the contract itself was in the record and contained the following provision requiring the defaulting party to pay the attorney fees:

"14. DEFAULTS AND REMEDIES. SELLER or BUYER will be in default under this Contract if either fails to comply with any material covenant, agreement or obligation within any time limits required by this Contract. Following a default by either SELLER or BUYER under this Contract, the other party will have the following remedies, subject to the provisions of Earnest Money and Additional Deposits paragraph of this Contract.
"If SELLER defaults, BUYER may:
"a. Specifically enforce this Contract and recover damages suffered by BUYER as a result of the delay in acquisition of the Property.
"b. Terminate this Contract by written notice to SELLER and, at BUYER's option, pursue any remedy and damages available by law or in equity. If BUYER elects to terminate this Contract, the Earnest Money will be returned to BUYER subject to

16

the provisions of Earnest Money and Additional Deposits paragraph of this Contract.

 . . . .

"If as a result of a default under this Contract, either SELLER or BUYER employs an attorney to enforce its rights, the defaulting party will, unless prohibited by law, reimburse the non-defaulting party for all reasonable attorney fees, court costs and other legal expenses incurred by the non-defaulting party in connection with the default. TIME IS OF THE ESSENCE IN THIS CONTRACT."

The terms of the contract are clear and unambiguous: the nondefaulting party is entitled to reimbursement of attorney fees in any action to enforce its rights against a defaulting party. The Richardsons brought this action, in part, based on allegations that the Murrays materially breached the terms and conditions of the real estate contract by failing to disclose certain defects in the residence purchased from the Murrays. The Murrays allowed judgment to be taken against them on this claim, which is sufficient to establish that they are the "defaulting" party. See *Utility Automation 2000 Inc.*, 298 F.3d at 1247-48 (awarding attorney fees under contract that grants fees to "prevailing party" in any action to "enforce or interpret any provision of this Agreement," by finding judgment under Rule 68 was sufficient to establish plaintiff has "prevailed" in the suit). Thus, under the terms of the contract in this case, the Murrays—as the defaulting party—must reimburse the Richardsons for all reasonable attorney fees for work reasonably performed in pursuing the breach of contract cause of action.

2. *Untimely satisfaction of judgment*

In their second issue on appeal, the Richardsons contend the district court erred in granting sanctions against them for failing to file a timely satisfaction of judgment as required by K.S.A. 2016 Supp. 60-2803. In support of this contention, the Richardsons claim that they were in an impossible situation: If they filed the satisfaction of judgment, they claim it would cause them to acquiesce in the judgment and they would lose

17

appellate rights; but by failing to file the satisfaction of judgment, they were subject to sanctions under K.S.A. 2016 Supp. 60-2803. The Murrays contend that this was a false choice because the Richardsons' right to appeal the district court's decision regarding attorney fees was distinct from, and would not affect, the payment of the judgment and approved court costs.

As an initial matter, the Murrays contend the Richardsons have waived this acquiescence argument for purposes of appeal because they did not raise the issue to the district court. The Richardsons disagree, arguing they explained to the district court that they did not file a satisfaction of judgment because their time for appeal had not yet run and the Murrays did not comply with statutory provisions of K.S.A. 2016 Supp. 60-2803. But the explanation provided to the court is not tantamount to arguing that the filing of a satisfaction of judgment constitutes an acquiescence that would impact their appellate rights. Given it was not raised, the district court never rendered a decision on the issue of acquiescence. Issues not raised to the district court cannot be raised for the first time on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011); *Johnson v. Westhoff Sand Co.*, 281 Kan. 930, Syl. ¶ 12, 135 P.3d 1127 (2006). Although there are exceptions, the Richardsons did not present this court with any reason why their acquiescence argument should be considered for the first time on appeal. Thus, the issue is not properly before this court.

But even if the issue was preserved for appeal, we would find that filing a satisfaction of judgment would not have prevented the Richardsons from appealing the district court's denial of their request for attorney fees. Our Supreme Court has held there is no acquiescence where the issues on appeal do not affect accepted payments:

> "We hold that when a party to an appeal has paid any portion of a judgment rendered
> against such party, including the costs, such party will not be deemed to have acquiesced
> in the judgment so long as the issues on appeal cannot affect the payments made and the

18

payment thereof is not involved in the issues on appeal. *Likewise, any party to an appeal who accepts such payment shall not be deemed to have acquiesced in the judgment so long as the issues on appeal do not affect the obligation for the payment of or the right to receive such portion of the judgment*. . . . [T]he payment of sums acknowledged to be due from one party to another, and which are not involved in the appellate process, is to be encouraged rather than discouraged." (Emphasis added.) *Brown v. Combined Ins. Co. of America*, 226 Kan. 223, 231, 597 P.2d 1080 (1979).

The Richardsons accepted $30,000 under the offer of judgment and $3,598.80 in taxable court costs assessed by the district court. Neither of those payments are the subject of this appeal, which pertains only to the Richardsons' request to pursue attorney fees and related expenses. The Richardsons' decision to accept the offer of judgment with court costs accrued was not an acquiescence that would prevent them from appealing the district court's decision to deny their request for attorney fees. See *Hemphill v. Ford Motor Co.*, 41 Kan. App. 2d 726, Syl. ¶ 1, 206 P.3d 1 (2009) ("A party's voluntary acceptance of the benefits or burdens of a judgment generally constitutes acquiescence in the judgment and eliminates the right of appeal. Under a recognized exception, however, there is no acquiescence when the issues on appeal cannot affect the payments made or burdens assumed and such payment or burden is not involved in the issues on appeal."); see also *Wollard v. Peterson*, 145 Kan. 631, 633, 66 P.2d 375 (1937) (where bondsman paid principal sum of judgment and part of the interest, he was not precluded from appealing judgment for attorney fees and additional interest).

K.S.A. 2016 Supp. 60-2803 states in relevant part:

"(a) When a money judgment rendered in a civil action in a court of this state is satisfied, the judgment creditor or the assignee of the judgment creditor shall file satisfaction and release of the judgment within 21 days after receipt of written demand therefor, sent by restricted mail as defined by K.S.A. 60-103, and amendments thereto. Such satisfaction and release shall be filed with the clerk of the court in which the

19

judgment was entered and with the clerk of any other court in which the judgment was filed.

"(b) If a judgment creditor or the assignee of a judgment creditor refuses or neglects to enter satisfaction and release of a judgment when required by this section, such judgment creditor or assignee shall be liable to the judgment debtor, or other interested person demanding the satisfaction or release, in damages in the amount of $100, together with a reasonable attorney's fee for preparing and prosecuting the action to recover such damages."

The Richardsons received a monetary judgment from the Murrays for the offer of judgment and the court costs assessed by the district court. The Richardsons failed to file a satisfaction and release of judgment within 21 days after the Murrays' request, which is required by statute. Counsel for the Murrays reminded the Richardsons of their obligation under K.S.A. 2016 Supp. 60-2803 to no avail. The district court did not err in assessing the statutory penalties against the Richardsons.

*3. Cross-motions for appellate attorney fees*

In anticipation of prevailing on the merits in this appeal, the Richardsons filed a motion and affidavit for appellate attorney fees and expenses in the amount of $25,716.84 under Supreme Court Rule 7.07(b) (2017 Kan. S. Ct. R. 50), which authorizes an appellate court to award attorney fees and expenses for services on appeal in a case in which the district court had authority to award them. The Richardsons' motion specifies that the firm's partners and law clerks spent 85.2 hours working on the appeal, with the partners billing at an hourly rate of $375 and the law clerks billing at an hourly rate of $150. The motion asserts that these hourly rates are consistent with the rates charged by other attorneys with similar experience and qualifications in the Kansas City metropolitan area for this type of work and includes attachments to support the assertion. The motion also specifies that $2,406.84 was spent in costs for the filing fee on appeal, the transcript, the supersedeas bond, and online research.

20

In anticipation of the Richardsons not prevailing on appeal, the Murrays filed a motion and affidavit for appellate attorney fees and costs in the amount of $8,766. The Murrays' motion was not grounded in them being a prevailing party on appeal; instead, it was based on the assertion that the Richardsons' appeal from sanctions for failing to file a timely satisfaction of judgment was a frivolous claim on appeal, which the Murrays argue would entitle them to attorney fees under Supreme Court Rule 7.07(c) (authorizing appellate court to award fees if appeal is taken frivolously or only for purpose of harassment or delay). The Murrays' motion specifies that a firm partner and associate spent a total of 59.3 hours working on the appeal, with the partner billing at an hourly rate of $150 and the law clerk billing at an hourly rate of $140.

As an appellate court, we may award attorney fees for services on appeal in a case in which the district court had authority to award fees. Supreme Court Rule 7.07(b)(1). Interestingly, whether the district court had authority to award fees was the issue in two of the three claims presented by the Richardsons on appeal. As to the Richardsons' first claim on appeal related to this issue, we determined the district court was not authorized to award attorney fees under the theory that they constitute court costs as provided in the offer of judgment at issue here. As to the Richardsons' second claim on appeal related to fees, we found the district court had authority to award reasonable attorney fees to the Richardsons based on their status as prevailing parties under the KCPA and the underlying contract for purchase of the residence upon which the Richardsons brought suit. And although not related to fees, we rejected the Richardsons' third claim on appeal challenging the district court's decision to sanction them for failing to file a timely satisfaction of judgment.

Having determined—as set forth in the Richardsons' second claim on appeal—that the district court had authority to award fees, we also have that authority. See Supreme Court Rule 7.07(b)(1). But this court is generally hesitant to award appellate attorney fees to a party that does not fully prevail on appeal. See *In re Marriage of Knoll*, 52 Kan. App.

21

2d 930, 942, 381 P.3d 490 (2016) ("We note, however, that Dean has prevailed on all the relevant issues in this appeal. As a result, we see no reason to saddle Dean with Melissa's attorney fees."); *In re Marriage of Clark*, No. 109,422, 2013 WL 6063227, at *6 (Kan. App. 2013) (unpublished opinion) (denying appellant's motion for attorney fees despite the fact that she was partially successful on appeal); *Wolfert Landscaping Co. v. LRM Industries, Inc.*, No. 106,989, 2012 WL 5392143, at *6 (Kan. App. 2012) (unpublished opinion) ("LRM has only received part of the relief it requested on appeal and, under these circumstances, we find that it would be appropriate for each party to pay its own attorney fees."). Having reviewed all of the pleadings and attachments, as well as the relevant factors set forth in Kansas Rules of Professional Conduct (KRPC) 1.5(a) (2017 Kan. S. Ct. R. 292), we conclude the parties should bear the burden of paying their own attorney fees and expenses incurred in litigating this appeal.

In sum, we affirm the district court's finding that it was improper to award attorney fees under the theory that they constitute court costs as provided in the offer of judgment at issue here. We also affirm the district court's decision to grant the Murrays' motion for sanctions in the form of the statutory penalty and attorney fees related to the Richardsons' failure to file a timely satisfaction of judgment. But we reverse the district court's finding that it had no authority to award reasonable attorney fees to the Richardsons based on their status as prevailing parties under the KCPA and the underlying contract for purchase of the residence upon which the Richardsons brought suit. Under the KCPA, the court may, in its discretion, award reasonable attorney fees for work reasonably performed in pursuing the KCPA cause of action. Unlike the discretionary language in the KCPA, however, the contract in this case requires the defaulting party to reimburse the nondefaulting party for all reasonable attorney fees for work reasonably performed in pursuing the breach of contract cause of action. Accordingly, we remand the matter to the district court with instructions (1) to determine in its discretion whether the Richardsons should receive an award of attorney fees for pursuing the merits of their KCPA claim and, if the court determines that they should receive an award, to award a reasonable

22

amount and (2) to award a reasonable amount of attorney fees incurred by the Richardsons as a result of pursuing the merits of their breach of contract claim. In making any determination regarding reasonableness, the district court shall consider all of the relevant factors set forth in KRPC 1.5(a).

Affirmed in part, reversed in part, and remanded with directions.